**Lillian Kathleen ROBBINS, Appellant,**

**v.**

**Clifford Wayne ROBBINS, Respondent.**

**No. 54971.**

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

David Q. Reed, Kansas City, for appellant.

S. Richard Beitling, Kansas City, for respondent.

HENRY I. EAGER, Special Commissioner.

Plaintiff, by an amended petition, sought a decree of divorce and alimony, with additional counts for an accounting and a partition of real estate. The latter two counts were dismissed when the Court entered its decree; no contention of error is made. We need consider them no further. For reasons not shown, but uncontested here, the Court at pre-trial struck defendant's answer and dismissed his cross-petition. The cause went to trial as a default case.

Plaintiff and defendant had been married since January 1946. Both had worked continuously for substantially all of that period. Defendant was a detective in the Kansas City Police Department, and hence a member of its Police Pension System as established by Sections 86.010 to 86.193, RSMo 1969, V.A.M.S., and (alternates) 86.370 to 86.497. The first group of these statutes and their predecessors had been in force (in some form) since 1929, or earlier, and the latter group since 1945. Sections 86.370–86.497 provide an alternate set of provisions for cities of 300,000–700,-000. While the parties have not been explained which particular group of statutes are applicable here, we shall assume, from the references in evidence and argument, that the alternate statutes, with such later statutes as might be applicable, are the governing laws. Actually, any differences would be minimal on our issues.

At all times in question here the defendant had been a member of the retirement system, and at time of trial his contributions of 5% of his salary (§ 86.470, RSMo 1959, V.A.M.S.)[1] per month totalled $5,-191.83. His date of normal retirement was, according to the Secretary of the Retirement System, April 30, 1972, when he would have accrued 25 years of service, although he could retire later. Plaintiff testified, rather vaguely, that her husband

---

1. This amount has been increased to 6% in the 1969 revision, but the Secretary of the Board testified that defendant's deduction was 5%.

had said that he could retire on April 1, 1971, on account of accumulated sick leave; we shall accept the testimony of the Secretary, although he said that he did not know the effect of accumulated sick leave. The difference is really immaterial. Some sections of the statutes seemingly permit retirement on certain conditions and with smaller pensions before 25 years of service have been attained. However, the parties here proceed on the assumption of a regular retirement after 25 years of service. The city had contributed to the fund at rates varying from 4% to 12%, but these contributions were only to be utilized in paying pensions upon actual retirement. If defendant should resign before time of retirement, he could only receive his own actual contributions. Section 86.467, RSMo 1959 and 1969. The statutes provide no benefits for a dependent except upon death or disability of a member. Here plaintiff is seeking to reach the funds solely through the interest of defendant therein. It is also provided that the rights to a pension, or to the return of contributions, shall not be subject to execution, garnishment, attachment or any other process, and "shall be unassignable" except as otherwise provided. Section 86.493, RSMo 1959 and 1969, V.A.M.S.

There is no need to relate plaintiff's testimony on the merits of her action for divorce. There were undoubtedly grounds for a divorce, on her testimony. While the prayer of her petition was broader, at the trial she asked *only* for gross alimony. She testified: that she and defendant had, over the period of their marriage, put their earnings into one "pot" out of which expenses were paid and savings accumulated; that, since her employers had no pension plan, it was the understanding of both that defendant's pension would be used for their mutual security and retirement. Plaintiff had prepared and the Court received in evidence, as an exhibit, a list of the assets of plaintiff and defendant, and she asked gross alimony based on one-half of all the net assets. In this, she valued

defendant's interest in his pension at $65,000. She further testified that defendant had stated that he planned to retire on April 1, 1971. (We note again here that this date was based upon some conversation about accumulated sick leave, and it is not otherwise corroborated.) Essentially, plaintiff claims that she is entitled to one-half of the present value of defendant's future pension benefits.

Plaintiff produced two witnesses, one a life insurance underwriter, and the other a life insurance agent, who testified to the value of defendant's anticipated pension benefits as of April 1, 1971. These values were based upon the cost of a single premium annuity purchased on that date at defendant's age, and for the payment monthly of a sum equal to his expected benefits. One testified that the lowest cost would be $59,662, varying upward to $65,738; the other testified that the cost in his company would be $66,136.77. Plaintiff, on the stand, "rounded off" her total claim for alimony, including this item, at $45,000.

The Secretary of the Retirement System testified: that plaintiff had contributed $5,191.83; that the city also had contributed, but that the use of that money was confined to the payment of pensions; that if plaintiff resigned before his authorized retirement time he would only receive a refund of his contributions; that defendant could retire on April 30, 1972, and receive a pension of 50% of his average compensation for the last five years; that the witness could not compute with assurance the precise amount as of that time, but that on a continuation of his current salary it would be $348.18 per month; that he could not say whether accumulated sick leave time would hasten his eligibility for retirement. He expressed the opinion that defendant's right to a return of his contributions was "vested."

The Court, on April 22, 1969, filed its order which included a memorandum listing those assets of the parties which had not already been divided in kind; therein

it listed defendant's contributions to the Police Retirement Fund, namely, $5,191.83. One-half of the total of the assets was $15,128.92. The Court ruled therein that plaintiff's claim "to one-half of the matured value of defendant's retirement pension is disallowed because the pension had not yet vested." The order continued as follows: "Plaintiff will be granted a decree of divorce and alimony in gross in the amount of $15,128.92. Counts II and III of the petition will be dismissed without prejudice."

■ We note that a general allowance of gross alimony was made. Plaintiff's basic contention is that the gross alimony allowed was approximately $30,000 less than it should have been, due entirely to the Court's evaluation of defendant's interest in the retirement fund. We shall consider that contention, since it does fairly appear of record. Plaintiff has sought to appeal from the judgment "only as to the amount of alimony awarded * * *"; though somewhat unusual, we shall consider the notice as an appeal from the judgment, as required. Rule 82.08, V.A.M.R.

We reiterate here certain important facts: at the time of trial defendant himself could have derived nothing from the retirement fund except his contributions, even had he resigned; conceivably the defendant may die before his pension rights ever accrue; defendant is not required to retire for several years, and his expression of such an intention is legally meaningless; the city has contributed substantially, and its funds may only be utilized in paying a pension; the right to a pension or to a return of contributions is not subject to levy, attachment or execution and is not assignable. Since the parties have not done so, we shall not consider the action of the Court as an attempt to levy upon the sum of the contributions, for it merely allowed one lump sum as gross alimony.

■ At the time of trial defendant had a fixed right only to his contributions. The plaintiff is not claiming any greater

right as death benefits, for defendant is alive. On what we deem to be the substantial evidence defendant cannot retire until April 30, 1972. The Trustees of the Retirement Fund cannot take away defendant's right to his contributions (if he wants them), but neither can they be required to grant him a pension before his actual retirement, nor could they possibly pay him *any sum* as the present value of the future pension. Certainly the city did not pay its substantial contributions with the intent (nor does the statute imply) that they be awarded in a divorce settlement. We consider, and hold, that a valuation of defendant's rights as the present value of his possible future pension benefits would be purely speculative, and that the Court was correct in holding that such a value was not a present asset of the defendant.

Plaintiff's theory is that defendant's rights were *"vested."* To the extent that defendant had some rights which the Trustees could not take away, that is true. We have already described those rights. "Vested" ordinarily means: "Fixed; accrued; settled; absolute." Black's Law Dictionary, Fourth Revised Edition. And see, Orthwein v. Germania Life Ins. Co., 261 Mo. 650, 170 S.W. 885. Plaintiff cites the cases of State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68; Kane v. Policemen's Relief and Pension Fund of City of Pittsburgh et al., 336 Pa. 540, 9 A. 2d 739; and (in Reply Brief) Pugh v. St. Louis Police Relief Ass'n, 237 Mo.App. 922, 179 S.W.2d 927. None of these are particularly persuasive here. Murphy involved a suit by a widow for accidental death benefits under the St. Louis Pension plan; she had had a hearing before the Board and lost on the facts. In discussing the nature of the claim the Court said that it involved "private rights" and would properly come within Art. V, § 22 of the Constitution and the Administrative Procedure Act. It further held that a member has no vested right against the State and that the legislature might modify or repeal the Act, but that the action did not involve

the State. In referring also to the rights as being "vested," the Court obviously meant that the widow could not, under the terms of the Act, be arbitrarily deprived of a recovery specifically provided for in the Act, without a full hearing on the facts and without "due process." Incidentally, it was held that the Circuit Court had no original jurisdiction. The distinction of that case is that the widow was suing directly under the terms of the Act to enforce what she conceived to be her specific rights; the benefits she sought were expressly provided for in the Act, if she could prove facts which brought her within it. In our case plaintiff seeks a value which is in nowise contemplated by the Act and for which *no payment* is provided, under present circumstances, either to plaintiff or the defendant.

In Kane v. Policemen's Relief and Pension Fund of City of Pittsburgh et al., 336 Pa. 540, 9 A.2d 739, the plaintiff had belonged to a police pension plan, had retired, and actually was receiving his pension. A revised plan was created, he applied for membership, and he was admitted. In the meantime, he had accepted a position as chief of police in some neighboring town. The new Pension Fund refused further payments on the ground that his present employment was in violation of a section of the new statutes. The case is cited by plaintiff as holding that the member had a vested right. Plaintiff quotes an excerpt from the opinion as stating that the right of the plaintiff there to a pension was vested. The Court quoted this as an excerpt from the brief of the defendant. Probably the Court adopted the view. The point which our plaintiff makes is that it was thus stated that the plaintiff's right there was vested, though "inchoate or incomplete" before his pension was actually granted; but a pension had accrued and had been granted. The facts are wholly different from ours; there a retired member was suing to enforce his *accrued* pension rights. The case seems to say at most (and in no event is it binding on us) that a member cannot be completely deprived of his rights in a pension, although he has not yet reached the retirement age; and that was probably dicta, for their member had retired. The real question decided there was that plaintiff had not waived his rights by joining the new system.

The case of State ex rel. King v. Board of Trustees of Firemen's Pension Fund of Kansas City, 192 Mo.App. 583, 184 S.W. 929, cited by defendant, is really of no value here. The Court merely held that one killed in a tavern fight while off duty, did not die "while in such service," and that the widow and children could not recover benefits. That claim, however, was one seeking recovery directly under the provisions of the plan. The Court did say that the member's contributions gave him no rights beyond what the statutes provided.

The case of Pugh v. St. Louis Police Relief Ass'n, 237 Mo.App. 922, 179 S.W.2d 927, need not be discussed in detail. It involved a supposed conflict between the statute providing for the exemption of Police Relief funds from execution or other process (now § 86.493, RSMo 1969, V.A. M.S.) and the statutes providing that no property should be exempt from levy for the maintenance or alimony of a wife. There the member had resigned from the police force, and the Court affirmed a sequestration of his contributions to be held for the payment of alimony. The case, although cited, is only mentioned by us because the parties have discussed, pro and con, the effect of Section 86.493, supra, on any attempt to reach the value of defendant's pension. We do not rule that point. This is not a levy or an execution or an attachment on anything. The Court has merely awarded gross alimony in general terms and has considered the value of defendant's interest as one of his assets.

Thus, plaintiff says that defendant has a "vested" though inchoate right in his future pension benefits and that such value should have been considered. As of the time of trial he had only the right to resign and withdraw his contributions. If his right in anything else was "vested,"

which we doubt, it was in any event subject to the contingency of continued service until the time arrived for his retirement, either voluntarily on April 30, 1972, or mandatory at a later date. The meaning of the cases is, in the aggregate, that the defendant had a right to his future benefits which the Trustees could not take away from him, so long as he complied with the requirements of the plan to the time of retirement. There never was any right in him to a *"present value"* of a future pension. The use of the term "vested" here is somewhat misleading, and has become a sort of "red herring." The truth is that on plaintiff's contentions she has claimed a value that was subject to being divested by contingencies, though perhaps slight, and one that is in nowise provided for or contemplated by the statutes creating the plan. The defendant himself (as already stated) could never have claimed or received or transferred such a "present value" of the pension *in any event*. We conclude that it should not have been considered in the award of alimony, and that the trial court reached the right result.

■ The only judgment entered in this cause, following a recitation of assets for the purpose of alimony and a disallowance of plaintiff's claim to "one-half of the matured value of defendant's retirement pension" was as follows: "Plaintiff will be granted a decree of divorce and alimony in gross in the amount of $15,128.92. Counts II and III will be dismissed without prejudice." We have accepted this as a final judgment for the purpose of this opinion in order to obviate further delay which would be caused by dismissing the appeal; this is not in the usual form of a judgment granting a divorce and allowing alimony. The trial court is directed to enter nunc pro tunc as of the original date a judgment in this cause in the usual form. There is ample basis here for a nunc pro tunc entry. We have observed recently an occasional failure to enter a judgment in proper form. The trial courts should see that this does not continue.

Plaintiff has suggested that we might reverse and remand with leave to seek other relief, presumably monthly alimony. We cannot do so in the absence of demonstrated error, and we find none.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.