**Anita L. LEDBETTER, Respondent,**

v.

**Clarence O. LEDBETTER, Appellant.**

**No. 37591.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 8, 1977.

Hale W. Brown, and W. Brown, Jr., Kirkwood for appellant.

Love, Lacks & McMahon, Chester Love and Thomas K. Edelmann, Clayton, for respondent.

CLEMENS, Presiding Judge.

Dissolution of marriage. On appeal the husband challenges only the trial court's division of marital property.

The argument section of the husband's brief is wide-ranging and fails to comply with Rule 84.04(e) by substantially following the order of the points relied on in his brief. We review only matters specifically stated in the points relied on. *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403[3–4] (Mo. 1964); *Nutz v. Shephard*, 490 S.W.2d 366[11–14] (Mo.App.1973).

The trial court found the parties' 22-year marriage to be irretrievably broken, decreed it dissolved and divided the marital property, concededly in almost equal shares:

| To the wife: | | |
|---|---|---|
| 1. Roosevelt Fed'l Dep. | $23,442.24 | |
| 2. U. S. Savings Bond | 500.00 | |

| To the husband: | | |
|---|---|---|
| 1. St. Louis Fed'l Savings & Loan Dep. | $40,478.50 | |
| 2. Mo. Savings Dep. Bal. | 10,148.60 | |

| | | | | |
|---|---|---|---|---|
| 3. | Prudential Policy | 600.00 | 3. | Money Market Management |
| | | | | Account | 13,771.60 |
| 4. | Real Est. & Impr'ment | 45,000.00 | 4. | Life Ins. policies | 5,160.00 |
| 5. | Cash, Missouri Savings | 3,500.00 | 5. | Camping trailer | 3,200.00 |
| 6. | One-half interest, wife's profit sharing fund | 26,893.95 | 6. | One-half interest, wife's profit S.F. | 26,893.95 |
| | Total | $99,936.16 | | Total | $99,652.65 |

The husband's two-pronged point relied on: Error in failing to give him credit for $15,000 he received from sale of a residence he had acquired before the marriage and applied toward the purchase of the family residence, and error in equally dividing the *wife's* pension fund payable upon her retirement. These sub-points in turn.

■ At the time of marriage the husband owned a residence which he sold for $15,000 and applied that sum to the purchase of the parties' home, taking title in both parties as tenants by the entirety. He contends the home, to the extent of his $15,000 contribution, is not marital property. His only pertinent citation is *Conrad v. Bowers,* 533 S.W.2d 614 (Mo.App.1975), which refutes his contention. It holds at l.c. 624, "all property acquired by either spouse subsequent to the marriage and prior to a decree of separation and placed in the joint names of husband and wife is presumed to be marital property unless the presumption is overcome by showing (a) that the property was acquired in exchange for property acquired prior to the marriage and (b) it is shown by clear and convincing evidence that it was not intended as a provision for, or a settlement in favor of, or a gift to the other spouse." There was no evidence negating the presumption of a gift, so we conclude the trial court properly considered the parties' home as marital property despite the husband's partial contribution to its purchase price.

■ The husband's other challenge is to the equal division of the *wife's* profit sharing plan. It was worth $53,878 and was payable to her upon either voluntary or compulsory retirement eleven years hence. The husband, citing *In re Marriage of Pow-ers,* 527 S.W.2d 949[16] (Mo.App.1975), concedes that this fund, not being subject to divestment, is marital property. He argues, however, that the division decreed compels him to wait, perhaps eleven years, for his wife to retire. To avoid this delay he suggests the entire pension fund should have been awarded to the wife and equivalent assets, say the savings and loan accounts, be deducted from her share of marital property and awarded to him.

■ The decree gave the wife the family home and a substantial amount of liquid assets. The effect of the division suggested by the husband would be to award him substantially all the parties' liquid assets and award the wife substantially all the non-liquid assets. Section 452.330 1., VAMS, provides that the division of property be just, considering "the economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home . . . ." We hold the decree justly divided the parties' liquid assets, and that the delay in liquidating the wife's pension fund is as burdensome on her as it is on her husband. We find the decreed division of marital property did not violate the cited statute.

Judgment affirmed.

DOWD and WEIER, JJ., concur.