In re the MARRIAGE of Walter L. WEAVER, Appellant–Respondent,

and

**Mary Maxine Weaver, Respondent–Appellant.**

No. 11437, 11438.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 3, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 23, 1980.

Application to Transfer Denied Nov. 12, 1980.

Walter L. Weaver, pro se.

Clyde A. Butts, Garrett & Butts, West Plains, for respondent–appellant.

BILLINGS, Presiding Judge.

Cross-appeals from the dissolution of marriage proceedings. The husband appeals that part of the decree ruling his military retirement pay is marital property. The wife claims the trial court erred in only awarding her ten percent of the military retirement pay and that the division of the remainder of the marital property was inequitable. We affirm.

The husband had served three years in the Army before the marriage in 1951 and retired 23 years later in 1971. The parties separated in 1977 and the marriage was thereafter dissolved. The trial court ruled the husband's military retirement pay was marital property and awarded the wife ten percent thereof. Other marital property was divided between the parties.

Section 452.330–2, RSMo 1978 defines marital property as "all property acquired by either spouse subsequent to the marriage . . . ." The question here presented is whether military retirement pay is marital property.[1]

The Missouri Supreme Court recently declined to review the question of whether retirement pay or pension benefits are marital property; preferring to wait for a "case in which the facts have been fully developed . . . ." *In re Marriage of Brethauer*, 566 S.W.2d 462, 466 (Mo. banc 1978); see also *Robbins v. Robbins*, 463 S.W.2d 876 (Mo.1971).

The Eastern and Western Districts of the Court of Appeals have dealt with this question. *In re Marriage of Powers*, 527 S.W.2d 949, 957 (Mo.App.1975) involved a profit-sharing plan in which the husband had no use of the funds until he retired or left the company. The court found that "the husband ha[d] a present interest in his company's contribution which [was] not subject to divestment . . ."; and held that it was properly included as marital property.

In *Daffin v. Daffin*, 567 S.W.2d 672, 677 (Mo.App.1978) "the husband was the beneficiary of a vested military pension for a twenty year service." His military service began when the couple married and he began receiving retirement payments five years before dissolution. The court found that "the pension was vested and payable as

long as the husband should live, and the judgment which treats the pension benefit . . . as an asset of the marriage is soundly based. The military pension acquired subsequent to the marriage was a present interest, not subject to divestment, and falls within the marital property definition of the statute." Id. at 679.[2]

We agree with the ruling in *Daffin*, supra and conclude the husband's military retirement pay is marital property.[3] The facts here are nearly identical to those in *Daffin*; the only difference being that the husband there entered the service contemporaneously with the parties' marriage whereas here the husband was in the service for three years before the marriage. However, as the *Kuchta v. Kuchta* (No. WD30691, Mo.App. Western District 1980) opinion demonstrates, the key here is that since the husband was married the last twenty years of his twenty-three years in the service he accumulated these benefits during the marriage.[4]

In the wife's appeal her only point is that the trial court erred in awarding her only ten percent of the military retirement pay and made an inequitable division of the remainder of the property. As expressed, the point violates Rule 84.04(d), V.A.M.R., because it fails to state wherein and why the division of property is claimed to be erroneous. The point fails to preserve any-

1. For a useful discussion of this problem, though in a community property context, see Community Property—Deferred Compensation: Disposition of Military Retired Pay Upon Dissolution of Marriage, 50 Wash.L.Rev. 505 (1975). On retirement plans in general see Krauskopf, Marital Property at Marriage Dissolution, 43 Mo.L.Rev. 157, 171 (1978) and Note, 24 Hastings L.J. 347 (1972).

2. Other cases that have found "that a retirement plan is a valuable marital asset, if accumulated during the marriage . . ." include *Kuchta v. Kuchta* (No. WD30691, Mo. App. Western District 1980) at 5; *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977); *Jaeger v. Jaeger*, 547 S.W.2d 207 (Mo.App. 1977). But see *In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979) where the court followed *Robbins v. Robbins*, 463 S.W.2d 876 (Mo.1971) and found that the

benefits of the retirement plan then before the court were too speculative and therefore not a present asset which could be included in the marital property.

3. See *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) where the Supreme Court held that benefits payable under the Railroad Retirement Act may not be divided under California's community property law nor may there be any offset for such benefits in the division of property. Specific language in the Act—not found in the statutory provisions for military retirement pay—was relied upon by the court.

4. As to possible approaches to valuating this property see *Kuchta v. Kuchta*, supra n.2; *Ledbetter v. Ledbetter*, 547 S.W.2d 214 (Mo.App. 1977) and 50 Wash.L.Rev. 505, supra n.1.

thing for review. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App.1979).

The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.

MAUS, J., recused.