**Corinne Helen SMILEY, Appellant,**

v.

**Marvin R. SMILEY, Sr., Respondent.**

**No. 42790.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

George Sullivan, O'Fallon, Melvin D. Benitz, St. Charles, for appellant.

R. W. Jacobsmeyer, Jerrold Chapnick, St. Louis, for respondent.

CRIST, Presiding Judge.

This is an action to dissolve a thirty-year marriage. Both parties were fifty-three years old when the action was tried. The wife appeals from the dissolution decree, challenging (1) the amount of her maintenance award, (2) the division of marital property, (3) the court-ordered plan for disposition of the marital residence, and (4) the court's refusal to order her attorney's fees to be paid by the husband. However, we find those provisions in the decree to be supported by substantial evidence and not against the weight of the evidence, and there being no error of law an extended opinion on those matters would have no precedential value. The decree as to those provisions is affirmed in accordance with Rule 84.16(b).

The wife also contends the trial court erred in adjudging the husband's partially "vested" retirement pension plan with his employer to be non-marital property. The gist of the plan is that the husband is entitled to receive monthly payments for life upon reaching his "Normal Retirement Date," defined as "the first day of the month following [his] 62nd birthday." The husband joined in the plan during the marriage, and all contributions to the plan have been made by the husband's employer. The plan also contains a life insurance provision for paying a lump-sum to the beneficiary designated by the husband should he die before or within ten years after his Normal Retirement Date. However, the plan's life insurance feature apparently has no present cash value, and no issue concerning it has been raised.

Disposition of the husband's interest in the pension plan is controlled by *Kuchta v. Kuchta*, No. 62439 (Mo.Banc Sept. 8, 1981):

When the [retirement plan] benefit is received by the retiree, in the present case in the form of monthly payments, then it is property acquired by him within

the meaning of § 452.330 [RSMo.1978]. In a plan such as this, until there is payment, there can be no marital property because the employee only acquires that property within the meaning of the statute when the final contingency—that he be alive to receive the payment—is fulfilled. The only acquired property identifiable before that actual payment is the contribution of the employee to the plan itself. Since it is only this amount which the employee-spouse can be said to have acquired, it is only this amount which may be regarded as marital property and hence subject to division at the time of dissolution.

As the husband has not reached his Normal Retirement Date, he has acquired no marital property under the plan. And as all contributions have been made by the husband's employer, no property acquired during the marriage is identifiable in the plan. The trial court did not err in adjudging the interest in the pension plan to be non-marital property.

The decree is affirmed.

REINHARD and SNYDER, JJ., concur.