Ramona A. COON, Plaintiff-Appellant,

v.

UNION ELECTRIC CO. and Bobbie F.
Pilgrim, Defendants-Respondents.

No. 52381.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Gregory G. Fenlon, Clayton, for plaintiff-appellant.

Ann E. Buckley, St. Louis, for defendants-respondents.

REINHARD, Judge.

Plaintiff filed a petition in equity on March 18, 1986, seeking a declaration that she had an interest in the pension benefits acquired by her deceased ex-husband John Herbert Coon during his employment at Union Electric Company. Defendants Union Electric and Bobbie Pilgrim moved for summary judgment, and the trial court sustained their motion. Plaintiff appeals; we affirm.

The marriage of plaintiff and John Coon was dissolved on March 10, 1977. A separation agreement, which was incorporated into the decree, recited that plaintiff and John Coon "do desire to settle all of their property rights and other rights which they have acquired as a result of this marriage."

In his deposition prior to the dissolution, John Coon, an administrator of the Union Electric pension plan, testified to the details of the plan, in which he had a fully vested interest. He said that under the plan, although his interest was fully vested at the time of the deposition, neither plaintiff, he, nor his designated survivor beneficiary could receive any benefits until he reached the age of 55. At the time of dissolution John Coon was 51 and had not designated a beneficiary. The settlement agreement and the decree made no mention of the pension plan.

No appeal was taken from the decree. In December 1980, it was modified by consent to increase the amount of support and maintenance John Coon would pay to plaintiff.

On December 12, 1984, Mr. Coon died. Pursuant to his designation of defendant Bobbie Pilgrim as his survivor beneficiary, Union Electric began to pay her a monthly annuity on January 1, 1985.

Plaintiff alleged in her petition that she had been married to John Coon, that his pension benefits were fully vested prior to the dissolution of their marriage, that the pension benefits were marital property in which she had an interest, and that defendant Union Electric refused her demand for payment of the benefits. Defendants filed copies of the deposition of Mr. Coon from the dissolution, the dissolution decree, the separation agreement, and the modification order with their motion. The trial court granted summary judgment for defendants.

The law governing appellate review of summary judgments is well established. We scrutinize the record in the light most favorable to the parties against whom summary judgment was granted, and we give the benefit of every doubt to those parties. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). A summary judgment may be rendered only where it is made manifest from the record before the trial court that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards,* 574 S.W.2d at 27.

The basis of plaintiff's claim is that the trial court failed to divide all of the marital property, to wit, her husband's pension plan. Following the procedure recommended in *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 407 (Mo. banc 1980), she filed this suit in equity to have the pension plan divided. As the supreme court stated in *Black,* "it would seem that if the property not distributed by the order of the trial court is marital property (a question we do not decide in this case) a remedy should be made available," and a separate proceeding in equity was suggested. *Black,* 608 S.W.2d at 407.

We conclude the trial court properly granted summary judgment for defendants because as a matter of law, the pension plan was not marital property at the time of the dissolution, and therefore, plaintiff had no interest in it.[1]

The characteristics of the pension plan were testified to by John Coon in his predissolution deposition. Plaintiff, in her statement of facts in her brief, summarized the plan as follows:

[T]he retirement benefit plan provided by U.E. is non-contributory. At the time of dissolution, Mr. Coon was 100% vested in his accrual. His rights in the retirement plan were contingent upon his reaching the age of 55. He was 51 at the time of dissolution and 62 when he

died. The retirement plan contained a survivor benefit option whereby the employee could elect to have his interest pass to a designated beneficiary upon the employee's death, after the employee reached the age 55. In his deposition in the dissolution proceeding, taken December 28, 1976, Mr. Coon stated that at that time he had not named a beneficiary of his pension plan.

Under plaintiff's description of the plan, Mr. Coon's interest was "vested" but non-contributory and contingent upon surviving until age 55.

In *Smiley v. Smiley,* 623 S.W.2d 56 (Mo. App.1981), we were confronted with a case in which the trial court had determined a similar pension plan to be non-marital property. In affirming the trial court we said,

Disposition of the husband's interest in the pension plan is controlled by *Kuchta v. Kuchta,* No. 62439 (Mo. Banc Sept. 8, 1981)[2]:

When the [retirement plan] benefit is received by the retiree, in the present case in the form of monthly payments, then it is property acquired by him within the meaning of § 452.330 [RSMo.1978]. In a plan such as this, until there is payment, there can be no marital property because the employee only acquires that property within the meaning of the statute when the final contingency—that he be alive to receive the payment—is fulfilled. The only acquired property identifiable before that actual payment is the contribution of the employee to the plan itself. Since it is only this amount which the employee-spouse can be said to have acquired, it is only this amount which may be regarded as marital property and hence subject to division at the time of dissolution.

As the husband has not reached his Normal Retirement Date, he has acquired no marital property under the plan. And as

---

**1.** We need not discuss the other grounds posited by defendants in support of the summary judgment in their favor.

**2.** After filing this first opinion, the supreme court sustained a motion for rehearing, the

opinion as filed was withdrawn, and further arguments were heard on January 13, 1982. *Kuchta v. Kuchta,* 636 S.W.2d 663 n. 2 (Mo. banc 1982).

all contributions have been made by the husband's employer, no property acquired during the marriage is identifiable in the plan. The trial court did not err in adjuding the interest in the pension plan to be non-marital property.

*Smiley* was one of the final progeny of *Robbins v. Robbins*, 463 S.W.2d 876 (Mo. 1971), which had formed the basis for finding "vested" but "contingent" pension plans to be non-marital property. *See also In re Marriage of Faulkner*, 582 S.W.2d 292, 296 (Mo.App.1979); *Jaeger v. Jaeger*, 547 S.W.2d 207, 214 (Mo.App.1977); *In re Marriage of Powers*, 527 S.W.2d 949, 957 (Mo.App.1975).

At the time of the dissolution decree, and until the supreme court's decision in *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982), the interest of Mr. Coon in the pension plan was not considered by the courts of this state to be marital property because, although vested, it was non-contributory and contingent. In 1982, the supreme court in *Kuchta* specifically overruled that portion of *Robbins* which had been relied upon by the courts in finding contingent pension plans to be non-marital property. *Kuchta*, 636 S.W.2d at 665.

Plaintiff argues, however, that *Kuchta* should be given retrospective application. Although we have found no cases directly deciding whether *Kuchta* is to be applied prospectively or retrospectively, in the case of *In Re Marriage of Garrett*, 654 S.W.2d 313, 316 n. 6 (Mo.App.1983), the southern district noted,

> *Kuchta*, as a new declaration of law, expressly overruled *Robbins v. Robbins*, 463 S.W.2d 876 (Mo.1971) ... to the extent the latter supported declaring some pension rights as nonmarital. 636 S.W. 2d at 665. Substantive, rather than procedural, changes in the law by judicial decision is a condition often said to result in retrospective application of the new rule of law. *State v. Walker*, 616 S.W.2d 48, 49[1] (Mo. banc 1981); *Dietz v. Humphreys*, 507 S.W.2d 389, 392[1] (Mo.1974); *Bethell v. Porter*, 595 S.W.2d 369, 375[1] (Mo.App.1980). This court has said such principle will apply even though counsel

and the trial court could not have been aware of the new rule at the time they acted. *Skidmore v. Back*, 512 S.W.2d 223, 226[1] (Mo.App.1974). However, a substantive change may be limited to prospective application only. *Abernathy v. Sisters of St. Mary's*, 446 S.W.2d 599, 600[4] (Mo. banc 1969); *Dietz v. Humphreys, supra*, 507 S.W.2d at 392[2]; *Bodard v. Culver–Stockton College*, 471 S.W.2d 253, 255[2] (Mo.1971). Significantly, it has been said to be undesirable to give retroactive effect to an overruling decision, absent compelling circumstances. *Keltner v. Keltner*, 589 S.W.2d 235, 239[7] (Mo. banc 1979). We will not pretend to second-guess the supreme court on the temporal point at which *Kuchta* is to be applied, but we discern no compelling circumstances requiring retroactivity.

In this case, both plaintiff and John Coon knew, at the time of the dissolution, the details of his substantial interest in the pension plan, and based upon the law at that time, they obviously concluded the pension plan was not marital property because they did not include it in the settlement agreement. They carried out their settlement agreement for more than seven years, until the death of Mr. Coon.

We conclude that there are no compelling reasons to apply *Kuchta* retrospectively. *See Keltner v. Keltner*, 589 S.W.2d 235, 239 (Mo. banc 1979). Therefore, because the pension was not marital property at the time of dissolution and plaintiff had no interest in it, we find that, as a matter of law, the trial court properly granted summary judgment for defendants.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.