Bobbie MOTE, Plaintiff–Appellant,

v.

Richard CORSER,
Defendant–Respondent.

No. 17234.

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 1991.

John H. Lake, Rost & Lake, Jefferson City, for appellant.

Robert L. Hyder, Hyder, Bratten and Trickey, Jefferson City, for respondent.

FLANIGAN, Chief Judge.

On July 24, 1990, plaintiff Bobbie Mote filed this action in the Circuit Court of Pulaski County against her former husband, defendant Richard Corser, seeking "one-half of the military pension payment that defendant has received from February 27, 1981, to date, and awarding one-half of all future military pension payments." The parties will be referred to by their first names. The trial court sustained Richard's motion to dismiss. Bobbie appeals.

Bobbie's sole point is that the trial court erred in entering its order of dismissal because she "is entitled to seek equitable relief for a division of the military pension omitted at the time of the parties' dissolution of marriage."

Seeking to uphold the order of dismissal, Richard argues that 10 U.S.C. § 1408(c) "clearly prevents any modification of any decree prior to June 26, 1981, to permit payments of retirement pay not previously directed, and determines this case adversely to plaintiff."

Bobbie and Richard were married on September 4, 1964. The marriage was dissolved·on February 27, 1981, by decree of the Circuit Court of Pulaski County in Case No. CV 581–28DR, ("the prior action").

In the prior action, Richard was the petitioner and Bobbie was the respondent. Bobbie filed her written and verified entry of appearance, waiver of notice, and consent to hearing. After an evidentiary hearing, the court found that Richard was then a member of the armed forces of the United States and had been stationed in the state of Missouri for more than 90 days preceding the commencement of the action. The court awarded Richard custody of three minor children born of the marriage. The court also found that the marital property consisted of certain specified items, and awarded same to Richard. The court dissolved the marriage and ordered Richard to pay debts owed to five named creditors. Significantly, the judgment in the prior action did not treat, or reserve jurisdiction to treat, any amount of retired pay of Richard as marital property. Bobbie did not appeal from the judgment of the prior action.

The principal authority relied upon by Bobbie in attacking the trial court's order of dismissal of the instant action is *Murphy v. Murphy*, 763 S.W.2d 237 (Mo.App. 1988). In that case, the marriage of Dorothy and Jimmie Murphy was dissolved by judgment entered on October 7, 1980. That judgment did not treat Jimmie's military pension as a marital asset. On September 24, 1986, Dorothy filed an action in equity seeking a share of Jimmie's military pension as an undistributed marital asset. The trial court awarded Dorothy a share of the pension and the court of appeals affirmed that award.

*Murphy* contains a history of Missouri law which permitted the treatment of a military pension as marital property prior to the decision of the Supreme Court of the United States in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty*, the Court held that on dissolution of marriage, federal law precludes a state court from dividing a military nondisability retired pay pursuant to state community property laws.

In response to *McCarty*, Congress enacted the Uniformed Services Former Spous-

es' Protection Act, 10 U.S.C. § 1408 (1982). In *Murphy*, the Court said, at 239: "It is clear that the purpose of [10 U.S.C. § 1408(c)(1) (1982)] is to reverse the effect of the *McCarty* decision and restore prior state law.... There is no preclusion in the statute for distribution of a military pension as marital property in divorce decrees entered prior to June 26, 1981."

In 1990, Congress amended 10 U.S.C. § 1408(c)(1), and the effect of that amendment is to remove *Murphy* as a precedent on which Bobbie may properly rely in this action.

10 U.S.C. § 1408(c)(1), as amended in 1990, reads:

"(1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse."

As used in § 1408, "Court" means, among others, "any court of competent jurisdiction of any state," § 1408(a)(1)(A), and the term "final decree" includes a decree "from which no appeal has been taken within the time allowed for taking such appeals under the laws applicable to such appeals." § 1408(a)(3).

The second sentence of 10 U.S.C. § 1408(c)(1) is a bar to the instant proceeding and requires affirmance of the order of dismissal because the judgment in the prior action is a final decree, it was issued before June 25, 1981, and it did not treat, or reserve jurisdiction to treat, any amount of retired pay of Richard as marital property of Richard and Bobbie.

In fairness to able counsel for Bobbie, it should be pointed out that the order of dismissal of the instant action was entered on October 3, 1990, and the effective date of the amendment of 10 U.S.C. § 1408(c)(1) was November 5, 1990.

Section 555(e) of Pub.L. 101–510, provided that:

"(1) The amendment made by subsection (a) [amending subsec. (c)(1) of § 1408] shall apply with respect to judgments issued before, on, or after the date of the enactment of this Act [Nov. 5, 1990]. In the case of a judgment issued before the date of the enactment of this Act [Nov. 5, 1990], such amendment shall not relieve any obligation, otherwise valid, to make a payment that is due to be made before the end of the two-year period beginning on the date of the enactment of this Act [Nov. 5, 1990]." [1]

The judgment in the prior action was issued before the date of the enactment of the 1990 amendment to § 1408. The second sentence of § 555(e) of Pub.L. 101–510 does not alter the situation because there was no judgment issued prior to November 5, 1990, imposing an obligation on Richard to make a payment.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.

---

1. See Historical and Statutory Notes to 10 U.S. C.A. § 1408, 1991 Supp., p. 49.