**Patricia Ann MINGS, Plaintiff–Respondent,**

v.

**Jesse Ayers MINGS, Defendant–Appellant.**

**No. 17726.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 14, 1992.

Motion for Rehearing or Transfer to Supreme Court Denied Nov. 5, 1992.

Fred Charles Moon, Lewis & Moon, Mark E. Gardner, Hall, Ansley, Carmichael & Gardner, Springfield, for plaintiff-respondent.

Christopher J. Stark, Springfield, for defendant-appellant.

MAUS, Judge.

Plaintiff, Patricia Ann Mings, (Plaintiff), brought this equitable action for the division of alleged marital property omitted from a 1979 Decree of Dissolution. That property is the nondisability military retirement pay of her ex-husband, Jesse Ayers Mings, (Defendant). Defendant then filed, in the dissolution action, a Motion to Correct Judgment requesting the court to amend the original decree to expressly provide that the retirement pay was awarded to him. The two actions were consolidated and Defendant's motion was overruled.

Defendant does not appeal the denial of his motion.

By agreement, the court held a bifurcated trial of Plaintiff's action. The first hearing was on February 14, 1990. On March 27, 1990, the trial court entered Findings of Fact and Conclusions of Law determining that the retirement pay was marital property omitted from the 1979 Decree of Dissolution.

On April 10, 1991, the trial court held the contemplated second hearing to determine the division of that retirement pay. On May 9, 1991, the trial court entered a judgment awarding Plaintiff one-half of the retirement pay, retroactively, and other relief, including a judgment for the sum of $49,070 representing one-half of the monthly retirement payments previously received by Defendant. Defendant appeals from this judgment.

The following is the background of the case. The parties were married in October 1954. Defendant was a member of the United States Air Force, having joined voluntarily in February 1954. Three children were born of the marriage. Defendant retired as a 20–year career serviceman in 1974. Plaintiff, during the marriage, was intermittently employed in different areas but was primarily a homemaker.

A decree dissolving the marriage was entered in the Circuit Court of Greene County on September 21, 1979. The decree placed custody of the two minor children with Plaintiff. It awarded the marital home with existing debt, two vehicles, furniture and one-half of insurance proceeds in the amount of $350 to Plaintiff. She was ordered to pay Defendant $8,500, one-half of the equity in the marital home. Defendant was awarded a vehicle, tools, lumber and one-half of the insurance proceeds, amounting to $350. Defendant was ordered to pay $150 a month, per child, child support and $100 a month maintenance. There was no mention or award made of Defendant's retirement pay.

At the time of the dissolution decree, such retirement pay was considered "marital property" in Missouri. *Daffin v. Daffin*, 567 S.W.2d 672 (Mo.App.1978); *In re*

*Marriage of Weaver,* 606 S.W.2d 243 (Mo. App.1980). However, in 1981, the United States Supreme Court held that U.S. military retirement pay was not subject to division by state courts as marital property. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* was controlling law for only a short time until Congress enacted the "Uniformed Services Former Spouses' Protection Act", 10 U.S.C. § 1408 (1982). This Act provided, in part:

> "Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1).[1]

June 25, 1981, was the day before *McCarty* was handed down.

After this Congressional enactment, cases such as *Murphy v. Murphy,* 763 S.W.2d 237 (Mo.App.1988), held the Act abrogated the *McCarty* limitation and military retirement pay could be divided in a dissolution proceeding as marital property. It was further held that if military retirement pay, which was marital property, was omitted from a dissolution decree, the ex-spouse could seek recovery in an independent action.

In response to cases such as *Murphy,* Congress amended 10 U.S.C. § 1408(c), effective November 5, 1990, to add the italicized sentence:

> **"(c) Authority for court to treat retired pay as property of the member and spouse.** (1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. *A*

*court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse."*

A "final decree" is defined in the Act as:

> "The term 'final decree' means a decree from which no appeal may be taken or from which no appeal has been taken within the time allowed for taking such appeals under the laws applicable to such appeals, or a decree from which timely appeal has been taken and such appeal has been finally decided under the laws applicable to such appeals." 10 U.S.C. § 1408(a)(3) (1990).

Defendant contends that the 1979 Decree of Dissolution was a final decree which did not treat any amount of the retirement pay as marital property and that the court reserved no jurisdiction to do so. He concludes the 1990 amendment to 10 U.S.C. § 1408 precludes the court from treating the retirement pay as marital property in Plaintiff's independent action.

Plaintiff's basic argument to the contrary is that since the judgment in the 1979 dissolution action did not divide all the marital property, it was not final. Therefore, she continues, the Circuit Court of Greene County reserved jurisdiction to treat the retirement pay as marital property. She cites cases such as *Corder v. Corder,* 546 S.W.2d 798 (Mo.App.1977).

---

**1.** For decisions dealing with the definition of the term "disposable retired or retainer pay", and the construction of this language and the extent to which the Act abrogated *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69

L.Ed.2d 589 (1981), see *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) and *Moon v. Moon,* 795 S.W.2d 511 (Mo.App. 1990).

Plaintiff's basic argument has no merit for two reasons. It is self-defeating. If the Circuit Court of Greene County retained jurisdiction over the marital property in the 1979 dissolution action, it would have no jurisdiction over that property in Plaintiff's equitable action. More fundamentally, the proposition upon which she relies found in *Corder v. Corder,* supra, and similar cases, has been overruled in *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980). That holding of finality has been affirmed in *Chrun v. Chrun,* 751 S.W.2d 752 (Mo. banc 1988), and *Doss v. Doss,* 822 S.W.2d 427 (Mo. banc 1992).

"As an alternative, appellant argues that because the trial court failed to divide all the assets, it never lost jurisdiction. In *State ex rel. McClintock v. Black,* this Court said that a judgment in a dissolution of marriage case is final even though it fails to divide all the marital property, and such judgment is not subject to modification. 608 S.W.2d at 407. It logically follows that if the judgment was final, the original trial court had no further jurisdiction." *Id.* at 429.

Plaintiff's argument has been previously denied by this court in *Mote v. Corser,* 810 S.W.2d 122 (Mo.App.1991). In *Mote,* the parties' dissolution was entered in 1981. No mention or award was made of the husband's military retirement pay. In 1990, ex-wife sought, by independent action, to distribute the retirement pay as omitted marital property. The court held that such distribution was barred by the 1990 amendment to 10 U.S.C. § 1408. To summarize the holding, the court said:

"The second sentence of 10 U.S.C. § 1408(c)(1) is a bar to the instant proceeding and requires affirmance of the order of dismissal because the judgment in the prior action is a final decree, it was issued before June 25, 1981, and it did not treat, or reserve jurisdiction to treat, any amount of retired pay of Richard as marital property of Richard and Bobbie." *Mote* at 124.

As an alternative argument, Plaintiff cites § 555(e) of Public Law 101–510, concerning how the 1990 amendment, adding the second sentence, should be applied. That section provides:

" '(1) The amendment made by subsection (a) [amending subsec. (c)(1) of § 1408] shall apply with respect to judgments issued before, on, or after the date of the enactment of this Act [Nov. 5, 1990]. In the case of a judgment issued before the date of the enactment of this Act [Nov. 5, 1990], such amendment shall not relieve any obligation, otherwise valid, to make a payment that is due to be made before the end of the two-year period beginning on the date of the enactment of this Act [Nov. 5, 1990].' " *Mote* at 124. (Footnote omitted.)

Plaintiff's alternative argument is based upon the premise that the Findings of Fact and Conclusions of Law entered on March 27, 1990, after the first phase of the bifurcated trial, constituted a "judgment". Rule 74.01 establishes that premise has no merit.

" 'Judgment' as used in these Rules includes a decree and any order from which an appeal lies." Rule 74.01(a).

The Findings of Fact and Conclusions of Law of March 27, 1990, did not dispose of all issues and was not an appealable order. The relationship of findings of fact and a judgment is further explained in cases such as *Wilhoit v. Wilhoit,* 599 S.W.2d 74 (Mo. App.1980).

"A finding of fact precedes judgment, and constitutes an opinion for the ground of judgment [Rule 73.01], but is not a final determination of the rights of the litigants in the subject matter of the action. *State ex rel. St. Louis, K. & N.W. Ry. Co. v. Klein,* 140 Mo. 502, 41 S.W. 895, 897 (1897). Only a judgment is that. Rule 74.01. A finding of fact does not even affect the validity of judgment [*Cochran v. DeShazo,* 538 S.W.2d 598, 600[5] (Mo.App.1976) ] so that, if erroneously found, does not prevail against the judgment." *Id.* at 78.

The test of whether something is a "judgment", was set out in *Grantham v.*

*Shelter Mut. Ins. Co.,* 721 S.W.2d 242 (Mo. App.1986). The court wrote:

"The test of whether a court has pronounced judgment is whether: (1) the court has uttered a pronouncement that it appears to have intended to operate as the determination of the parties' rights, and (2) the pronouncement articulates in intelligible language what those rights are. [Citations omitted.] Since the actions of the court and both parties in this case show all of them contemplated the entry of a formal, final order after the court dictated findings into the record, the formal order, rather than the dictated findings, constitutes the judgment." *Id.* at 245.

In this action, clearly the parties contemplated an additional hearing, additional findings of fact and "the entry of a formal, final order after the court dictated findings" on March 27, 1990. Such judgment was entered on May 9, 1991, after the April 10, 1991 hearing. Because there was no "judgment" entered dividing the retirement pay prior to the enactment of the 1990 amendment to 10 U.S.C. § 1408, Plaintiff's alternative argument fails.

In summary, this court finds that since the decree of dissolution was final before June 25, 1981, and the judgment in the equitable action was entered after November 5, 1990, the 1990 amendment to 10 U.S.C. § 1408 precludes a division of Defendant's military retirement pay. The judgment of the trial court dividing the retirement pay is reversed. Judgment on Plaintiff's petition in this action is rendered in favor of the Defendant and against the Plaintiff on all issues. The costs are assessed against the Plaintiff.

MONTGOMERY, P.J., and PREWITT, J., concur.