**Rita Joan KNOX f/k/a Rita Joan
Born, Petitioner–Appellant,**

v.

**Vernon Eugene BORN, Respondent–
Respondent.**

**No. 64419.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Lawrence G. Gillespie, Eisen, Gillespie & Hilton, Webster Groves, for petitioner-appellant.

Douglas R. Beach, Beach, Burcke, Helfers & Waltrip, St. Louis, for respondent-respondent.

CRANDALL, Presiding Judge.

Petitioner, Rita Joan Knox, appeals from the dismissal of her action against respondent, Vernon Eugene Born, which sought distribution of respondent's military retirement benefits as undistributed marital property. We affirm.

On April 9, 1980, the marriage between petitioner and respondent was dissolved. The decree of dissolution failed to address the distribution of respondent's military retirement benefits. On November 10, 1988, petitioner filed a petition in equity seeking the division and distribution of the retirement benefits as marital property. A hearing was held and, on February 14, 1990, the trial court entered an order finding that petitioner was entitled to a portion of monthly retirement benefits as undistributed marital property. The trial court retained jurisdiction to hear additional evidence concerning the nature and extent of the retirement benefits and manner of apportionment between the parties.

On April 9, 1992, respondent filed a motion to dismiss claiming that 10 U.S.C. § 1408(c) barred a judgment apportioning the retirement pay because (a) the decree of dissolution was issued before June 25, 1981 and (b) the decree did not treat or reserve jurisdiction to treat the retirement benefits as marital property. The motion was heard and sustained on June 23, 1993.

Military retirement pay could be considered marital property at the time of the dissolution of the marriage of the parties. *See, e.g., Daffin v. Daffin,* 567 S.W.2d 672, 679 (Mo.App.1978). In 1981, the United States Supreme Court held that federal law precluded state courts from dividing a military pension as marital property in a dissolution action. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

Thereafter the "Uniformed Services Former Spouses' Protection Act" was enacted. 10 U.S.C. § 1408 (1982). This Act again gave state courts the authority to treat military retirement pay as marital property subject to distribution. The Act was amended effective November 5, 1990 by adding that a state court may not treat retirement pay as marital property in any proceeding to divide or partition any amount of retirement pay if a final decree of dissolution was: (a) issued before June 25, 1981 and (b) the dissolution decree did not treat (or reserve jurisdiction to treat) any amount of retirement pay as marital property. 10 U.S.C. § 1408(c)(1).

Here, it is undisputed that the dissolution decree was entered prior to June 25, 1981 and that the decree did not address respondent's retirement pay. The issue is the applicability of the November 5, 1990 amendment to the Act. 10 U.S.C. § 1408(c)(1). If a final judgment dividing the retirement benefits was entered prior to November 5, 1990, then petitioner is not barred, as a matter of law, from recovery.

The trial court's order of February 14, 1990, was interlocutory in that it did not determine all the issues in the case and left issues for future determination. *Simpkins v. Ryder Freight System,* 855 S.W.2d 416, 420 (Mo.App.W.D.1993); *State ex rel. Great Am.*

*Ins. Co. v. Jones,* 396 S.W.2d 601, 603 (Mo. banc 1965). The trial court retained the authority to open, amend, reverse, or vacate the order at any time before final judgment. *Simpkins,* 855 S.W.2d at 421 (citing *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 232 (Mo. banc 1969)). In this case the parties contemplated a further hearing to adjudicate remaining issues prior to the entry of a "judgment." *See, e.g., Mings v. Mings,* 841 S.W.2d 267, 271 (Mo.App.S.D.1992). The terms upon which the retirement benefits would be distributed were yet to be determined. The trial court's order of February 14, 1990 was a finding of fact which was subject to change, and preparatory to the final hearing. *See, e.g., Wilhoit v. Wilhoit,* 599 S.W.2d 74, 78 (Mo.App.1980). Because there was no judgment entered dividing the retirement pay prior to the enactment of the 1990 amendment to 10 U.S.C. § 1408, petitioner is not entitled to relief. Petitioner's point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.