**In re the Marriage of Janice A. DOSS, Petitioner/Appellant,**

v.

**Frank J. DOSS, Respondent.**

No. 73640.

Supreme Court of Missouri, En Banc.

Jan. 28, 1992.

Chester Love, Daniel P. Card II, Leigh Joy Carson, St. Louis, for petitioner/appellant.

Allan H. Zerman, Cary J. Mogerman, Clayton, for respondent.

HOLSTEIN, Judge.

Janice A. Doss appeals a dismissal of her petition in equity seeking to divide marital property that she asserts was omitted from a 1976 decree of dissolution of marriage. The issue is whether the statute of limitations forecloses equitable relief. The cause was transferred to this Court following opinion by the Missouri Court of Appeals, Eastern District. Affirmed.

The petition, filed on August 30, 1989, alleges that on September 2, 1976, the marriage of Janice and Frank J. Doss was dissolved and that at the time Frank had a vested interest in a pension plan and "another pension and/or IRA distribution and/or annuity." The petition states that both Janice and Frank "knew of the existence of this aforementioned benefit prior to and at the time [the] decree of dissolution was entered." The parties failed to divide the pension plans. The petition concluded that because of accident or mistake, Janice was deprived of her marital interest in the pension plans and is now entitled to an equitable division of the benefits.

A motion to dismiss was filed alleging the claim was barred pursuant to § 516.-120(4).[1] That statute prohibits actions for recovery of specific personal property after five years. The motion also asserted that the claim was barred by § 516.110, prohibiting all other actions after ten years if not expressly limited by other statutes. The trial court sustained the motion.

■ In reviewing the dismissal of a petition, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the plaintiff, the plaintiff is entitled to relief. *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985). This Court has recognized a separate equitable cause of action to divide marital property omitted from a division in an earlier dissolution of marriage decree due to fraud, accident or mistake. *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988); *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 407 (Mo. banc 1980).

■ On appeal, Janice argues that prior to 1982 she had no "clear right" to claim that the pension funds were marital property because of the holding in *Robbins v. Robbins,* 463 S.W.2d 876 (Mo.1971). That case, decided prior to enactment of the 1973 dissolution of marriage act,[2] held that a pension plan subject to divestiture was of "purely speculative" value and could not be considered an asset in awarding alimony. 463 S.W.2d at 879. The dissolution of marriage act of 1973 defined marital property and required that marital property be divided as an incident of a decree of dissolution of marriage. § 452.330. Following enactment of the statute, the cases were in disarray as to whether pension benefits, vested or vested but subject to divestiture, were marital property under the dissolution of marriage act. *See, e.g., Walker v. Walker,* 631 S.W.2d 68, 71 (Mo.App.1982); *Smiley v. Smiley,* 623 S.W.2d 56, 57 (Mo. App.1981); *Murphy v. Murphy,* 613 S.W.2d 450, 452 (Mo.App.1981); *Daffin v. Daffin,* 567 S.W.2d 672, 679 (Mo.App.1978); *Anspach v. Anspach,* 557 S.W.2d 3, 6 (Mo. App.1977); and *In re Marriage of Powers,* 527 S.W.2d 949, 957 (Mo.App.1975). In 1982 this Court held that pursuant to § 452.330, *et seq.,* vested pension benefits accruing during the marriage were marital property. *Kuchta v. Kuchta,* 636 S.W.2d 663, 665–67 (Mo. banc 1982). Janice claims that her cause of action accrued when *Kuchta* was decided in 1982.

Appellant's argument places her in a logically untenable position. Assuming, without deciding, that a new claim or cause of action was created by *Kuchta,* and that cause of action did not exist prior to 1982, Janice cannot now claim a marital property interest that did not exist when her marriage was dissolved. If, on the other hand, *Kuchta* merely recognized a right to in-

1. All references to statutes are to RSMo 1986 unless otherwise noted.

2. H.B. 315, Laws, Mo. 1973–74, p. 470.

clude vested pension plans in the division of marital property that had existed since the 1973 statutory enactment, then the right to bring the equitable action arose when the decree omitting the pension plan was entered in 1976.

■ The Court is persuaded that *Kuchta* did not create a new right. It merely construed § 452.330 to recognize an existing right of one spouse in vested pension benefits of the other spouse that had been earned during the marriage. A cause of action does not accrue when a claimant is certain of how a statute creating the claim will be construed. As a general principle, a cause of action accrues when the right to institute and maintain a suit arises. The right to maintain a suit exists when a breach of duty occurs and damages resulting from the breach are capable of ascertainment. *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984); *Chemical Workers Basic Union v. Arnold Savings Bank*, 411 S.W.2d 159, 164 (Mo. banc 1966). Mere ignorance of the cause of action does not prevent running of the statute of limitations. 411 S.W.2d at 164–65. Similarly, uncertainty of success does not toll the running of the statute. Applying these rules here, the failure to include the pension plan in the division of marital property occurred in 1976. There is no reason why the value of a vested pension plan could not have been ascertained at that time. Janice could have brought a separate equitable action any time after the 1976 decree became final. Whether measured by the five year or ten year statute of limitations, a cause of action filed thirteen years after it accrued is barred. *See Kingshighway Bridge Co. v. Farrell*, 136 S.W.2d 335, 338 (Mo.App.1940).

■ As an alternative, appellant argues that because the trial court failed to divide all the assets, it never lost jurisdiction. In *State ex rel. McClintock v. Black*, this Court said that a judgment in a dissolution of marriage case is final even though it fails to divide all the marital property, and such judgment is not subject to modification. 608 S.W.2d at 407. It logically follows that if the judgment was final, the original trial court had no further jurisdiction.

■ Appellant finally argues that the omission of the pension plan was the fault of the original trial judge and not the parties. Thus, she argues that she should not be penalized for a judicial omission. What she fails to acknowledge is that the original trial court approved a property settlement agreed to by the parties. The appellant's petition in the present case admits the parties were aware of the pension benefits at the time of the dissolution of marriage. It cannot be said the omission was the fault of the trial judge when neither party was shown to have brought the matter to the judge's attention.

One other issue raised in the brief is whether *Kuchta* is applicable retrospectively. Because the statute of limitations has run, there is no need to address that issue. The dismissal of the petition is affirmed.

All concur.