Christa A. McELROY, Plaintiff–
Respondent,

v.

Donald M. McELROY, Defendant–
Appellant.

No. 17682.

Missouri Court of Appeals,
Southern District,
Division One.

March 24, 1992.

James L. Thomas, Waynesville, for defendant-appellant.

Ronald D. White, J. Kent Robinson, Williams, Robinson, Turley, Crump & White, Rolla, for plaintiff-respondent.

PARRISH, Judge.

Christa A. McElroy (plaintiff) brought an action in equity seeking an interest in the military pension benefits to which Donald M. McElroy (defendant), plaintiff's former husband, is entitled. The trial court determined that 90% of the military pension was marital property and awarded plaintiff "thirty-six (36%) of Defendant's disposable military retired pay" from and after May 1, 1991. Defendant appeals. This court reverses.

Plaintiff and defendant were married July 24, 1954. Their marriage was dissolved in the Circuit Court of Pulaski County August 23, 1976. The decree divided certain marital property, but did not refer to the military pension benefits that had accrued to defendant during the marriage. Plaintiff's petition in equity was filed April 27, 1990. Defendant's answer pleaded various affirmative defenses, including laches, statute of limitations and estoppel.

The trial court's judgment included findings that defendant's period of active duty with the U.S. Army began July 15, 1950, and ended July 1, 1972; that "Plaintiff and Defendant were married for eighteen (18) years during which time Defendant performed creditable military service and were not married for two (2) years during which time Defendant performed creditable military service." It found that statute of limitations, laches and estoppel (and other affirmative defenses that defendant raised) did not bar plaintiff's action.

Defendant presents two points on appeal. Defendant's second point contends that the trial court erred in denying his affirmative defenses of estoppel and laches "because of [plaintiff's] failure to act in a timely fashion and the resulting prejudice and hardship to [defendant]." For the reasons that follow, this court finds that point to be well-taken. This determination makes defendant's first point on appeal moot.[1] For that reason, only defendant's second point on appeal will be discussed.

When marital property is not divided in the course of an action for dissolution of marriage, a subsequent, independent action to divide the omitted property may be brought if the earlier omission occurred due to fraud, accident or mistake.[2] *In re Marriage of Doss*, 822 S.W.2d 427, 428 (Mo. banc 1992); *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988); *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 407 (Mo. banc 1980). A subsequent action brought for that purpose is a proceeding in equity. *Chrun, supra.*

Vested pension benefits accruing during marriage are marital property. *In re Marriage of Doss, supra*, at 428; *Kuchta v. Kuchta*, 636 S.W.2d 663, 665–67 (Mo. banc 1982). The spouse who delays filing an equity proceeding seeking division of pension benefits until long after the dissolution action may be barred from recovery by laches. *See Grieshaber v. Grieshaber*, 793 S.W.2d 161, 163 (Mo.App.1990). The applicable statute of limitations likewise applies to the filing of an equity proceeding seeking division of marital property not

---

1. Plaintiff filed a Motion to Strike that was directed to the argument that defendant made in his brief regarding his first point on appeal. That motion was taken with the case on appeal. In view of the fact that the first point on appeal is moot, the Motion to Strike is, likewise, moot.

2. Arguably, the pleadings filed in the trial court do not allege sufficient reasons why defendant's pension benefits were not distributed as marital property in the dissolution of marriage case. Defendant, however, presents no point on appeal that raises this issue. For purposes of this opinion, this court assumes (without deciding) that plaintiff's petition in this case was amended to conform to evidence at trial that the military pension was omitted by mistake.

previously divided. *In re Marriage of Doss, supra.*

■ Plaintiff asserts that delay alone does not permit defendant to maintain the affirmative defense of laches. She argues that "there must be an additional showing that the delay worked a prejudice to the party asserting the defense." This principle has been upheld in cases in which less than the applicable statute of limitations period has expired.

> While laches is a defense peculiar to courts of equity, it is not generally invoked within a period of time less than the period by which the cause of action is barred by limitation, unless it appears that the opposing party, because of the delay, created a situation which caused the proponent of the plea to change his legal position.

*Coleman v. Crescent Insulated Wire & Cable Co.,* 350 Mo. 781, 168 S.W.2d 1060, 1066 (1943).

The development of laches as a defense in equity suits was discussed and its applicability explained in L. McClintock, *McClintock on Equity,* § 28, pp. 74–75 (2d ed. 1948), as follows:

> The original statute of limitations did not apply to suits in equity. But in cases where the chancellors were asked to give equitable protection to a legal right, *they adopted the practice of holding that a delay in the assertion of the right which would bar an action at law thereon under the statute of limitations would ordinarily amount to laches which precluded relief in equity.* The effect of the practice was that, in cases where the delay was less than that which would bar an action at law, the defendant must show that it was unreasonable under the circumstances; delay of a longer period would bar relief, unless plaintiff could affirmatively show that it was reasonable. (Emphasis added).

The marriage of plaintiff and defendant was dissolved in 1976. Plaintiff did not file her petition in equity seeking distribution of defendant's pension benefits until 1990, almost fourteen years after the dissolution.

These facts are similar to those in *In re Marriage of Doss, supra.* In *Doss,* as in this case, the dissolution was granted in 1976. The petition in equity in *Doss* was filed on August 30, 1989. The court stated: "Whether measured by the five year or ten year statute of limitations, a cause of action filed thirteen years after it accrued is barred. *See Kingshighway Bridge Co. v. Farrell,* 136 S.W.2d 335, 338 (Mo.App. 1940)." *Id.* at 429. The petitioner in *Doss* sought to reach vested pension benefits that had accrued to her former spouse during their marriage. The supreme court held that her claim was barred by the statute of limitations.

In this case, although defendant asserted the affirmative defense of statute of limitations in the trial court, he does not challenge the trial court's denial of that defense on appeal. However, considering the history of laches as a defense in equity actions, this court perceives defendant's assertion that the trial court erred in denying the affirmative defense of laches to be tantamount to an assertion that the trial court erred in denying the affirmative defense of statute of limitations. As such, *Doss* being the last controlling opinion of the supreme court on the subject, this court must follow its determination. Mo. Const. art. V, § 2. The trial court's finding that the affirmative defense of laches (and the affirmative defense of statute of limitations) was not applicable was an erroneous application of law. Defendant's second point is granted. The judgment is reversed.

PREWITT, P.J., and CROW, J., concur.