Mary Susan FIELD, f/k/a Redfield,
Plaintiff/Respondent,

v.

Robert Allen REDFIELD,
Defendant/Appellant.

No. 74271.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 22, 1999.

Application for Transfer Denied
March 23, 1999.

Deborah Benoit, Schlueter & Byrne, P.C.,
St. Louis, for Appellant.

David G. Waltrip, Seth A. Albin, Jones,
Korum, Waltrip & Jones, Clayton, for Respondent.

PAUL J. SIMON, Presiding Judge.

Robert Allen Redfield (husband) appeals from a judgment entered by the Circuit Court of St. Louis County in favor of Mary Susan Field (wife) on her motion for summary judgment filed subsequent to the filing of her Petition for Declaratory Judgment and Award of Marital Property (petition).

On appeal, husband contends that the trial court "erred and misapplied the law" in granting wife's motion for summary judgment in that (1) the statute of limitations and

the doctrine of laches bar her action to divide marital property allegedly not apportioned in their decree of dissolution of marriage; (2) Missouri law did not treat husband's "military retirement benefit" as marital property or as divisible property when the trial court entered their decree of dissolution in December 1981; moreover, at that time, husband's benefit had not vested in that he had served in the military only ten years and could receive no military retirement benefit until he served twenty years; additionally, although the federal law regarding the divisibility of military retirement benefits changed in 1983, it provides that state law determines whether such benefits are divisible; (3)(a) her motion did not comply with Rule 74.04 in that it did not refer to specific portions of pleadings and discovery and lacked the support of affidavits; (b) a dispute existed regarding genuine issues of material fact in that husband denied several "critical" portions of wife's motion, including allegations concerning the dates of husband's service in the military; and (c) wife was not entitled to judgment as a matter of law because (i) the statute of limitations and the doctrine of laches bar her action, which she instituted sixteen years after the entry of their decree of dissolution; and (ii) Missouri law in December 1981 did not treat husband's military retirement benefit as marital property or divisible property; and (4) with respect to the award of $6500 in attorney fees, (a) wife did not request such fees in her motion and did not submit statements or affidavits supporting such a request; (b) no statute or contract here authorizes such fees; (c) the facts present no unusual circumstance necessitating an award of attorney fees "to balance benefits" in an equity case; and (d) there is no basis in the record for an award of $6500 in attorney fees. We reverse.

We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record. Furthermore, our review is essentially *de novo*. On appeal, the criteria for testing the propriety of summary judgment are no different from the criteria which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. *Id.* Summary judgment is appropriate if a motion for summary judgment and the response thereto demonstrate that no genuine issue exists concerning any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(3). If the record contains competent materials which evidence two plausible but contradictory accounts of a fact underlying the movant's right to judgment, summary judgment is not proper because the fact is material to the movant's right to judgment and because a genuine issue exists concerning that fact. *ITT*, 854 S.W.2d at 382. Because the trial court's judgment is founded on the record submitted and the law, we need not defer to the trial court's order granting summary judgment. *Id.* at 376.

The record, viewed in a light most favorable to husband, reveals that husband and wife were married in Carbondale, Illinois on April 17, 1970. A son was born of the marriage on November 30, 1970, and husband entered the United States Army on June 3, 1971, in Chicago, Illinois.

During the succeeding years, the marriage became "irretrievably broken," leading husband and wife to consult attorneys and begin "negotiations." On April 30, 1981, in Heidelberg, Germany, husband and wife signed a separation agreement in which, *inter alia*, (1) wife agreed to release and waive any claims to husband's military retirement benefit in consideration of husband's agreement to pay spousal support; and (2) husband and wife agreed to a mutual release and waiver of claims against each other's estates. The parties separated on or about May 2, 1981.

In December 1981, husband and wife signed another separation agreement in consideration of, *inter alia*, their desire to "[agree] upon and [adjust] all matters of custody, support, maintenance and all other

property rights arising out of the marriage." The parties agreed, *inter alia*, that (1) the trial court incorporate the separation agreement into the decree of dissolution if the trial court entered such a decree; and (2) they would waive maintenance. The agreement did not mention husband's military retirement benefit and did not contain numbered paragraphs concerning a mutual release or waiver of claims against the parties' estates. On December 18, 1981, the Circuit Court of St. Louis County entered a decree of dissolution incorporating the separation agreement.

On June 1, 1995, husband retired from the United States Army after having served on active duty for twenty-three years, eleven months, and twenty-eight days and on inactive duty for one month and eleven days. On January 16, 1997, wife filed her petition, in which she alleged, *inter alia*, that (1) the Circuit Court of St. Louis County dissolved their marriage by decree, which was attached, on December 18, 1981; (2) also on December 18, 1981, the parties entered into a separation agreement which was attached but did not address husband's military retirement benefit; (3) when the court entered the decree, husband was on active duty in the United States Army, was stationed in St. Louis, Missouri, and had consented to the court's jurisdiction; (4) the parties married each other on April 17, 1970 and remained married more than ten years; (5) husband entered active duty in the United States Army in June 1971; (6) the court in its decree made no orders concerning husband's military retirement benefit; (7) until the United States Supreme Court decided *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), Missouri law held that "military retired pay" was marital property which a court granting a decree of dissolution could divide; (8) after the Court's decision in *McCarty*, the United States Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. section 1408, which "was made retroactive to the date immediately prior to" the *McCarty* decision; and (9) husband retired from the United States Army in June 1995, as wife learned in July 1995.

Furthermore, she alleged that (10) military retirement benefits do not vest until one who has served on active duty for at least twenty years retires; thus, husband had no vested military retirement benefit until he officially retired; (11) because the court granting the decree did not make orders concerning husband's military retirement benefit, there exists a justiciable controversy in which wife has a substantial and significant pecuniary interest; and (12) because wife's interest in husband's military retirement benefit did not "bec[o]me a certainty" until husband successfully retired in June 1995, her interest in this benefit did not "bec[o]me ripe for determination" until June 1995.

Wife prayed that the trial court enter a declaratory judgment granting (1) "her marital interest in" husband's military retirement benefit, "retroactive to the date of [husband's] retirement from the United States Army"; (2) "nine percent (9.00%) interest on the retroactive sums"; (3) attorney fees "as authorized by" section 527.010 RSMo 1994 (all further references shall be to RSMo 1994 unless otherwise noted) and "her costs"; and (4) other relief which the trial court deemed just, proper, and appropriate.

Husband filed a Motion for Transfer to Family Court. In her response, wife argued, *inter alia*, that her action should remain in the equity division because she sought to determine the nature and proper disposition of property omitted from distribution in a dissolution action in which the judgment had become final.

Later, husband filed a motion to dismiss wife's petition, arguing, *inter alia*, that (1) the statute of limitations, section 516.120(4), prohibits an action such as wife's after five years; (2) when the court entered the decree of dissolution, husband had served in the military for ten years but had no partial or vested military retirement benefit because he had not served for at least twenty years; (3) the court entering the decree had jurisdiction to divide only that property which the parties owned at the time of dissolution; (4) in December 1981, Missouri law held that husband's military retirement benefit "was not marital property because it was not yet vested and too speculative to be considered mari-

tal property"; and (5) any interest husband held in his military retirement benefit in December 1981 was not marital property which the court could have divided.

In her response to husband's motion to dismiss, wife argued, *inter alia,* that (1) the statute of limitations does not bar her action in equity because her cause of action did not accrue until 1995, when husband retired from active duty and his benefit became vested; (2) the fact that husband's benefit had not vested at the time of the dissolution does not prevent the trial court from dividing it now because "her case fall[s] within a gap in the law" created between the date of the *McCarty* decision and the date of the USFSPA enactment; (3) in December 1981, "*McCarty* was still good law"; therefore, the court could not have divided husband's military retirement benefit; (4) when Congress enacted the USFSPA, the court already had granted the dissolution and had divided the parties' property; therefore, wife "was without mechanism to secure [husband's] benefit" until he retired; (5) military retirement benefits are unique and are unlike conventional pensions in that the former vest only after twenty years of active military service; therefore, rules and cases involving conventional pensions do not apply to military pensions; (6) during the parties' marriage, wife made a significant marital contribution to husband's military pension; and (7) "Missouri courts routinely divide non-vested military pensions in post-USFSPA dissolution proceedings"; therefore, the trial court should not deny wife the benefits of the USFSPA "simply because of the awkward timing of her divorce."

The trial court denied husband's motion to transfer and his motion to dismiss. Husband then filed a motion for summary judgment with a supporting memorandum on June 10, 1997, arguing several of the points that he raised in his motion to dismiss. Additionally, *inter alia,* he argued that (1) the doctrine of laches bars wife's action; (2) the enactment of the USFSPA placed Missouri courts "in the same position that they were in on June 26, 1981 before the decision in *McCarty* "; (3) before the decision in *McCarty,* Missouri law held that "any possible pension interest of [husband] was not yet vested and not marital property subject to division"; (4) the USFSPA provides that state law determines matters such as those raised by wife; moreover, it refers to "disposable" pay, meaning "retirement pay actually being received"; and (5) when the court entered the decree, husband "was not receiving any retirement pay from the military."

Wife filed her response and memorandum of law in opposition to husband's motion for summary judgment on July 10, 1997, admitting that (1) husband joined the military in 1971 and had served in the military for ten years when the court entered the decree of dissolution in December 1981; (2) a member of the military becomes entitled to a military retirement benefit only after serving for at least twenty years on active duty; and (3) she filed her petition in equity in January 1997. She denied husband's allegation concerning what the court had jurisdiction to divide at the time of the dissolution. In her memorandum in opposition to husband's motion for summary judgment, she presented many of the arguments that she offered in response to husband's motion to dismiss. She also argued that (1) husband failed to state how any delay by her in bringing her action prejudiced him; therefore, he could not rely on the doctrine of laches; (2) prior to the *McCarty* decision, "Missouri courts treated military retirement benefits as marital property subject to division"; (3) soon after Congress enacted the USFSPA, Missouri courts held that such benefits "could once again be divided in a dissolution proceeding as marital property"; (4) "[f]rom the effective date of that legislation on, non-vested military pensions were ... considered contingent interests subject to division in a dissolution proceeding"; and (5) Congress intended the term "disposable retired or retainer pay" contained in the USFSPA to refer to the "amount which the member would receive after taxes, insurance premiums, fines, etc. were deducted," not pay which the member "is actually receiving."

The trial court denied husband's motion for summary judgment. Wife then filed her own motion for summary judgment with a supporting memorandum on December 2,

1997. In her motion, she stated that (1) she and husband were married on April 17, 1970; (2) on December 18, 1981, the court issued a decree of dissolution, which she attached to the motion; (3) in its decree, the court incorporated the parties' separation agreement, which she attached to the motion and which did not address husband's military retirement benefit; (4) husband entered active duty in the United States Army in June 1970; (5) when the court entered the decree, husband remained on active duty in St. Louis, Missouri and had served on active duty for approximately eleven and one-half years; (6) military retirement benefits do not vest until one actually retires after having served at least twenty years on active duty; (7) husband retired in June 1995 after serving on active duty for approximately twenty-five years; shortly thereafter, he began receiving his military retirement benefit; (8) under the USFSPA and Missouri law, "retirement benefits accruing to [husband] by reason of his military service during the eleven and one half years he was married to [wife] are marital property subject to division"; (9) wife's share of husband's benefit is twenty-three percent of his "total monthly benefit"; and (10) wife filed her petition on January 16, 1997.

For her remedy wife prayed that the trial court grant her motion for summary judgment, award her share of husband's benefit, and make "such other and further orders of relief as [the] Court deem[ed] just and proper in these premises." Her supporting memorandum contained many of the arguments that she had presented in previous documents. Additionally, she argued that there existed no genuine issues of material fact and that the trial court simply had to decide "a rather narrow and straightforward question of law – whether military retirement benefits may be considered marital property subject to division even if the serviceman to whom the benefits accrue is not yet vested in his military pension."

Husband filed his response to wife's motion for summary judgment, a memorandum in opposition to wife's motion, and, with leave, an answer to wife's petition. In his answer to wife's petition, husband admitted that (1) the court granted the parties a decree of dissolution on December 18, 1981; (2) the parties were married on April 17, 1970 and remained married for over ten years; and (3) husband entered active duty in the United States Army in June 1971. He denied her remaining allegations and "require[d] strict proof thereof." Further answering, by way of affirmative defense, he argued that (1) wife's action "is barred by laches because [she] waited until sixteen (16) years after the entry of the Decree of Dissolution of Marriage in this case to file her Petition"; and (2) her petition fails to state a cause of action because Missouri law in December 1981 held that "any military retirement benefit interest that may have been held by [husband] ... was not marital property because it was not yet vested and too speculative to be considered marital property." Additionally, husband requested attorney fees pursuant to section 527.010.

In his response to wife's motion for summary judgment, husband admitted wife's allegations regarding the dates on which (1) they married; (2) the decree of dissolution was entered; and (3) wife filed her petition. He denied wife's remaining allegations. In his memorandum in opposition to wife's motion, he presented many of the arguments that he had presented previously. Additionally, he argued that (1) certain facts remained in dispute, including the date on which he entered active duty in the Army and the time he had served in the Army when the court entered the decree of dissolution; and (2) recent cases regarding the divisibility of military retirement benefits do not apply because they do not state the law that existed in Missouri in December 1981.

On February 19, 1998, wife filed a supplement to her motion for summary judgment, noting that husband recently produced documents for her pursuant to her request and that such documents would support her allegations. The supplement contained (1) four "retiree account statements" with effective dates of June 15, 1995, March 6, 1996, December 7, 1996, and December 5, 1997, which listed the monthly gross pay due husband; (2) two certificates of release or discharge from active duty (DD Form 214), which cer-

tificates provided, *inter alia,* the dates on which husband entered active duty, the dates on which his service on active duty ended, and the amount of time husband served on active and inactive duty; (3) a "group travel order" showing the date on which husband entered active duty in Chicago, Illinois; (4) a letter from the Department of Defense's Directorate for Retired Pay, which letter confirmed husband's retired status and contained a "summary of account" listing, *inter alia,* the date of his retirement; and (5) an order releasing husband from active duty and placing him on the "retired list."

On February 27, 1998, the trial court granted wife's motion for summary judgment, writing, in pertinent part, as follows:

[Wife] filed with this Court her petition, in equity, seeking to divide and award certain marital property which was not divided at the time of the dissolution of the marriage of [wife] and [husband]. At the time of the dissolution of their marriage, [husband] was on full time active duty with the United States Army. The entirety of [husband's] service career was during the marriage of [wife] and [husband]. [Wife] and [husband] were married on April 17, 1970. Thereafter, the Honorable Ann Quill Niederlander granted a Decree of Dissolution on December 18, 1981. The marriage of the parties lasted eleven years, eight months and one day. At the time that the Court granted the Decree of Dissolution of Marriage, [husband] was still on active duty with the United States Army and continued his military service thereafter. The Court did not, in its Decree of Dissolution, address, divide, or apportion any part of [husband's] military retirement. This military retirement was an asset of the marriage and was subject to division.

On June 26, 1981, the United States Supreme Court rendered its ruling in [*McCarty* ] wherein the [C]ourt held that military retirement benefits were not subject to division by state courts as marital property. Prior to the *McCarty* decision, the courts of this State had treated military retirements [sic] benefits as marital property subject to division by the courts

of this State. After the *McCarty* decision, the United States Congress moved quickly to enact the [USFSPA] and made the applicability of such legislation retroactive to June 25, 1981, one day prior to the *McCarty* decision. Because of the gap in the enactment of the USFSPA and the *McCarty* decision, there came into existence what are commonly referred to as "gap divorces", in other words, divorces of military members which occurred between June 26, 1981 and September 9, 1982. In a number of such cases, the division of military retirement benefits was not addressed because of the expectancy of the enactment of the USFSPA. The dissolution of the marriage of [wife] and [husband] is one such "gap divorce".

· Further, because the decree was final and the trial court had lost its jurisdiction in which to act at the time of the final passage and enactment of the USFSPA, [wife] was not able to come before the Court's [sic] of this State in order to press her claim for an interest in the marital portion of her ex-husband's military retirement.

Because a military retirement is unique unto itself, [wife] was unable to know whether she had an interest in his military retirement until such time as [husband] finally successfully retired from the United States Army. In order to attain retirement from the United States Armed Forces, an active duty service member must, as an initial prerequisite, complete twenty years of creditable service. Even though a service members [sic] does in fact complete twenty years of creditable service, that is in itself still not enough. The service member must thereafter, apply for and be granted retirement status. Under the existing law, a service member may continue on active duty after twenty years of creditable service, but not be entitled to receive a retirement if such service member is courts-martialed and given a Bad Conduct Discharge or a Dishonorable Discharge. The service member must complete two prongs before being entitled to a retirement, and therefore retirement pay, from the United States Armed Forces: (1) the service member must complete twenty

years of creditable service and (2) the service member must then actually retire. In the instant case, [husband] completed his twenty years of creditable service on or around June 3, 1991. However, [husband] did not retire until June 1, 1995 at which time his military retirement finally became fully vested in [husband].

As of June 1, 1995, [wife's] cause of action for division of [husband's] military retirement became known and the right of [wife] to claim an interest in the undivided military retirement of her ex-husband became available to [wife].

[Husband], by his retirement at twenty three (23) years, and eleven (11) months, has a total of two hundred and eighty seven (287) months of creditable military service. As state [sic] previously this marriage lasted one hundred forty (140) months. Accordingly, [wife] is entitled to receive as her interest of [husband's] retirement pay 24.39% of such retirement pay (calculated as follows: 140 divided by 287 ='s percentage of military retirement subject to division – 48.78%. [Wife's] marital interest is one half or 24.39%).

Accordingly, judgment is hereby entered for [wife]. She is awarded 24.39% of [husband's] military retirement pay from on and after June 1, 1995, with interest accruing on the arrearage thereon at the statutory rate of nine (9%) percent. [Wife] is further awarded her attorneys fees in the amount of $6,500.00. Costs are taxed against the [husband].

On March 19, 1998, husband filed a motion to amend judgment or, in the alternative, for new trial. In his motion, husband argued, *inter alia,* that (1) the trial court abused its discretion in granting wife's motion for summary judgment in that there existed disputed issues involving "crucial matters" such as the date on which husband entered active duty and the time that he had served on active duty at the time of the dissolution of marriage; (2) the trial court's decision prevented him from proceeding to trial to present relevant evidence, including evidence that at the time of the dissolution of marriage wife knew her status with respect to husband's military retirement benefit and waived whatever

rights she had thereto; in support of this argument, husband attached the original separation agreement signed by the parties on April 30, 1981; (3) the trial court erred in awarding wife attorney fees in that she did not request such fees in her motion for summary judgment and submitted no evidence to support such a request; and (4) the trial court incorrectly stated that (a) husband's military retirement benefit "was an asset of the marriage and was subject to division"; (b) wife could not "press her claim for an interest in the marital portion of [husband's benefit]" after the court lost jurisdiction; husband contended that, on the contrary, wife "had plenty of time between 1981 and 1997 in which to file a suit in equity"; and (c) wife's cause of action did not "bec[o]me known" until June 1, 1995.

Additionally, husband contended that (5) the trial court erred in granting wife's motion for summary judgment in that the statute of limitations or the doctrine of laches bar her action; (6) the trial court erred in granting wife's motion for summary judgment in that Missouri law did not treat husband's benefit as marital property either before the *McCarty* decision or at the time of the dissolution of marriage in December 1981 and the USFS-PA does not apply to a benefit which husband was not receiving when the court entered the decree; and (7) the trial court erred in granting wife's motion for summary judgment in that it (a) improperly calculated wife's "credit for retirement pay"; (b) did not account for the prior division of other property in awarding a fractional amount of husband's benefit to wife; and (c) improperly gave wife prejudgment interest in that "there is no legal authority to enter prejudgment interest dating back to June 1, 1995 and no request for the Court to do so."

On April 17, 1998, the trial court issued an "ORDER NUNC PRO TUNC," as follows:

This matter having come before the Court to amend its Order and Judgment of February 27, 1998, and the Court having found amendment of such Order well taken, the Court amends its order to reflect that although [husband] had creditable military service of Two Hundred Eight [sic] Seven Months (287) only One Hundred

Twenty Six Months of such service were marital in nature. [Wife] is therefore entitled to receive as her interest in [husband's] military retirement pay 21.95% of such retirement pay (calculated as follows: 126 months divided by 287 months of creditable military service = percentage of military retirement pay subject to division – 43.90%. [Wife's] marital interest is one half or 21.95% in the retirement pay of [husband].)

Accordingly, judgment is hereby entered for [wife]. [Wife] is awarded 21.95% of [husband's] military retirement pay from on and after June 1, 1995, with interest accruing on the arrearage thereon at the statutory rate of nine (9%) percent.

All further Judgments and Orders entered on February 27, 1998 shall remain in full force and effect.

Husband then filed his notice of appeal on April 27, 1998.

In his first point on appeal, husband argues that the trial court "erred and misapplied the law" in granting wife's motion for summary judgment because the statute of limitations and the doctrine of laches bar her action to divide marital property allegedly not apportioned in their decree of dissolution of marriage.

■■■ When a judgment of the trial court distributing marital property becomes final, it may not be modified in the same case. *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988). To the extent that property is not divided by the decree of dissolution, the only remedy after the judgment becomes final is a separate suit in equity. Equity will provide relief against a judgment obtained by extrinsic fraud, accident, or mistake. *Id.* The division of property pursuant to a petition in equity is but a completion of the original dissolution decree. *Murphy v. Murphy*, 763 S.W.2d 237, 239 (Mo.App. W.D.1988). Nonetheless, the spouse who delays filing an equity proceeding seeking division of property until long after the dissolution action may be barred from recovery by laches. *McElroy v. McElroy*, 826 S.W.2d 105, 106 (Mo.App. S.D. 1992). The applicable statute of limitations likewise applies to the filing of an equity proceeding seeking division of marital property not previously divided. *Id.* at 106–07.

■■■ In considering husband's contention that wife waited "too long" to file her petition in equity, we initially must determine when her cause of action accrued. Ordinarily, the right to bring the equitable action arises when the decree omitting the property is entered. *Doss v. Doss*, 822 S.W.2d 427, 429 (Mo.banc 1992). Here, however, at the time when the court entered the decree, the law recognized no right in wife to husband's military retirement benefit; therefore, bringing an equitable action at that time would have proven fruitless. *See McCarty*. On December 18, 1981, husband's military pension was non-marital property as a matter of law. *Dukes v. Dukes*, 859 S.W.2d 264, 266 (Mo.App. S.D.1993). When the court dissolved the parties' marriage on that date, *McCarty* remained in effect and the pension was not subject to division. Furthermore, at the time when the parties signed the separation agreement and the court incorporated it into the decree, neither the parties nor the court had the authority or jurisdiction to divide the military pension or consider it marital property. *Id.*

Nevertheless, the situation changed on February 1, 1983, when the USFSPA became effective. It reversed the effect of *McCarty* and restored prior state law, which in Missouri prior to June 26, 1981 had held that non-disability military retirement pay was marital property in which a spouse could share. *Id.* Congress intended that the USFSPA be applied retroactively to divorces which occurred between *McCarty* and the effective date of the USFSPA so that persons "wronged" by *McCarty* could reopen their cases if permitted under state law. *Id.* at 266–67.

■■ As provided in *Chrun*, Missouri has a procedure to reopen a case involving the dissolution of a marriage. On February 1, 1983, the USFSPA restored prior Missouri law regarding non-disability military retirement pay, thereby rendering husband's benefit marital property in which wife could share. Despite wife's contention that she "was without mechanism to secure [husband's] benefit" until he retired, the fact that

a person's interest in a pension has not yet vested or matured does not deprive it of its character as marital property subject to division. *In re Marriage of Ward*, 955 S.W.2d 17, 20 (Mo.App. S.D.1997). Since Congress enacted the USFSPA in 1982, Missouri courts consistently have held that military non-disability pensions earned during a marriage are marital property subject to division. *Id.* Therefore, wife did not need to wait until husband's benefit vested to file her equitable action; rather, as early as February 1, 1983, she could have filed her action to "secure [husband's] benefit." Nevertheless, whether measured by the five year or ten year statute of limitations (sections 516.120 and 516.110, respectively), a cause of action filed thirteen years after it accrued is barred. *Doss*, 822 S.W.2d at 429. Husband's point is meritorious.

In light of our disposition of point one, we need not review husband's remaining points on appeal.

Judgment reversed.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.