

# Missouri Court of Appeals

## Southern District

### Division One

JACQUELINE KLINELINE, )
)
        Petitioner-Appellant, )
)
v. ) No. SD33705
) Filed: 10-13-15
ROBERT PATRICK KLINELINE, )
)
        Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Lynette B. Veenstra, Associate Circuit Judge

**<u>AFFIRMED</u>**

Jacqueline Klineline (Wife) appeals the dismissal of her petition in equity to divide omitted marital property. The petition alleged that Wife's marital interest in a pension plan was omitted from a 2003 judgment dissolving her marriage to Robert Klineline (Husband). The trial court determined that Wife's action was barred by the applicable statute of limitations. We agree and affirm.

Wife's verified petition to determine the division of omitted property was filed on August 28, 2013. In relevant part, the August 2013 petition contained the following allegations:

1. The trial court entered a dissolution judgment (hereinafter referred to as the original judgment) on February 26, 2002.

2. The third paragraph on page five of the original judgment included the following: [Wife] shall receive 31.25% of [Husband's] GTE Pension Plan in accordance with the Qualified Domestic Relations Order [QDRO] attached hereto as Exhibit "F" and incorporated herein by this reference.

3. After Wife filed a timely motion to amend, the original judgment was set aside.

4. On February 18, 2003, the court entered a new judgment (hereinafter referred to as the modified judgment).

5. In the modified judgment, the court "struck in its entirety" the third paragraph on page five of the original judgment, which included the division of the GTE pension plan and the incorporation by reference of the attached Exhibit F QDRO.

6. Paragraph 3 of Wife's verified petition alleged that "there was marital property omitted from the Modified Judgment, specifically [Wife's] 31.25% interest in [Husband's] GTE Pension Plan in accordance with the Qualified Domestic Relations Order which was in the Original Judgment."

Husband filed a motion to dismiss which asserted that Wife's action was barred by the statute of limitation in either § 516.120(4) and § 516.110.[1] During the hearing on that motion, Husband's attorney argued that the action was time-barred because Wife had known about the GTE pension asset and its omission from the modified judgment for more than ten years without filing suit. Wife's attorney acknowledged that the GTE pension plan was omitted property because that asset had been entirely removed from the

[1] All statutory references are to RSMo (2000). Section 516.120 provides a five-year limitation in "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated[.]" § 516.120(4). Section 516.110 generally provides a ten-year limitation for actions "upon any writing ... for the payment of money or ... for relief, not herein otherwise provided for." § 516.110(1) and (3).

modified judgment.[2] Wife's attorney argued that the cause of action to divide omitted property did not accrue, however, until: (1) Wife contacted GTE; and (2) her claim was denied on the ground that the GTE pension had not been divided in the modified judgment. According to Wife's attorney, it was the GTE plan administrator's interpretation of the modified judgment as omitting the pension plan which caused Wife's cause of action to accrue.

The trial court granted the motion to dismiss. The court concluded that: (1) both parties were aware of Wife's interest in the pension plan when the original judgment was entered; (2) the right to bring Wife's action accrued in February 2003 when the trial court entered the modified judgment omitting the pension plan; and (3) Wife's August 2013 petition was time-barred because it was filed more than ten years after the cause of action accrued. This appeal followed.[3]

When marital property is omitted from a final dissolution judgment due to fraud, accident or mistake, the aggrieved party has a right to bring a separate equitable action to divide the omitted property. ***Doss v. Doss***, 822 S.W.2d 427, 428 (Mo. banc 1992);

---

[2] During the argument, Wife's attorney said "[t]he amended judgment took out the pension entirely, so it is omitted property." She reiterated that point later by stating that "we have an asset that was not included in the judgment. It's omitted property. It gives rise to a cause in equity."

[3] The statement of facts in Wife's brief refers to documents included in the appendix to her brief. Husband filed a motion to strike those documents because they are not part of the record on appeal. That motion is granted, and we have not considered any of the stricken material in this opinion. *See* ***Evans v. FirstFleet, Inc.***, 345 S.W.3d 297, 306 (Mo. App. 2011) (merely including a document or exhibit in an appendix to a brief does not make that item part of the record on appeal); ***DeGennaro v. Alosi***, 389 S.W.3d 269, 275 (Mo. App. 2013) (an appellate court will not consider documents in an appendix to a brief that are not part of the record on appeal). We deny all other motions that were taken with the case.

*Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988). Wife contends the trial court erred by dismissing Wife's equitable action on the ground that it was barred by the statute of limitations. *Kennedy v. Microsurgery & Brain Research Inst.*, 18 S.W.3d 39 (Mo. App. 2000), summarizes the applicable standard of review for this appeal:

> Our review of the dismissal of a petition as being time-barred by the expiration of the applicable statute of limitations requires an examination of the pleadings, allowing them their broadest intendment, regarding all facts alleged as true, and construing the allegations in favor of the plaintiff. When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleadings.

*Id*. at 42 (internal citations omitted). "A determination of when the statute of limitations is put in motion is a question of law." *Murray v. Fleischaker*, 949 S.W.2d 203, 206 (Mo. App. 1997).

The outcome of this appeal is controlled by *Doss*, in which our Supreme Court addressed the same issue: whether an equitable action to divide marital property omitted from the final decree was barred by the statute of limitations. *Doss*, 822 S.W.2d at 428. The omitted property there was a wife's marital interest in her husband's pension plan. The decree omitting the property was entered in 1976, and the wife's equitable action was filed 13 years later. *Id*. at 428-29. The Court concluded that the wife's equitable cause of action accrued "when the decree omitting the pension plan was entered in 1976." *Id*. at 429. The Court also noted "[m]ere ignorance of the cause of action does not prevent running of the statute of limitations." *Id*. Because the wife's equitable action was filed 13 years after the 1976 decree became final, it was barred by the five-year statute of limitations in § 512.120 or the ten-year statute of limitations in § 516.110. *Id*.

4

We reach the same conclusion here. The allegations in Wife's petition, which we accept as true to decide the statute of limitations issue, assert that the GTE pension plan was divided in the original judgment and then omitted from the modified judgment. Accordingly, Wife was aware of this marital asset and could have brought her equitable action to divide the GTE pension at any time after the modified judgment became final. *See id*. Because Wife's August 2013 petition irrefutably demonstrates that it was filed over ten years after Wife's cause of action accrued, the trial court correctly dismissed the petition as time-barred. *See id*.; §§ 516.110, 516.120; *see also* **Field v. Redfield**, 985 S.W.2d 912, 919-20 (Mo. App. 1999); **McElroy v. McElroy**, 826 S.W.2d 105, 107 (Mo. App. 1992).

We have considered Wife's contrary arguments, but we find them unpersuasive in light of our Supreme Court's decision in **Doss**. First, Wife argues that the GTE pension plan was not actually omitted from the modified judgment. This argument fails because it is directly contrary to the allegations of her petition and the position she took during argument on the motion to dismis*s*. *See* **Porter v. Erickson Transp. Corp.**, 851 S.W.2d 725, 736 (Mo. App. 1993) (a party generally will not be permitted to take a position on a matter that is directly contrary to, or inconsistent with, one previously assumed). Second, Wife argues that the modified judgment ratified the previously entered Exhibit F QDRO relating to the GTE pension. This argument fails because, as Wife's petition acknowledges, the paragraph of the original judgment dividing the GTE pension and

5

incorporating the Exhibit F QDRO was stricken in its entirety.  Therefore, the GTE pension was not divided and there was no QDRO to ratify.[4]

Wife's point is denied, and the trial court's judgment is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

---

[4]  For this reason, neither *Ochoa v. Ochoa*, 71 S.W.3d 593 (Mo. banc 2002), nor *Lane v. Non-Teacher School Employee Retirement System of Missouri*, 174 S.W.3d 626 (Mo. App. 2005), support Wife's argument.  In *Ochoa*, the original judgment divided the pension, and the parties intended to create a QDRO that met ERISA's requirements. *Ochoa*, 71 S.W.3d at 595.  *Lane* applied the general accrual rule in pension cases governed by ERISA. The usual rule in such cases is that, in an ERISA action brought by an employee, the cause of action accrues after the employee's claim for benefits has been made and formally denied.  *Lane*, 174 S.W.3d at 637.  That rule has no application in this equitable action to divide marital property omitted from a final dissolution decree.