

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| CHELLE A. HALL-BOULDIN, | ) | ED103701 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| v. | ) | Cause No. 08L6-FC00273-01 |
| | ) | |
| DOUGLAS A. BOULDIN, | ) | Honorable David H. Ash |
| | ) | |
| Appellant. | ) | Filed: August 30, 2016 |

### Introduction

Douglas A. Bouldin (Husband) appeals the trial court's partial summary judgment in favor of Chelle A. Hall-Bouldin (Wife) on Husband's motions to divide undivided assets and for fraud. Husband argues a genuine factual dispute exists regarding whether the parties' prior dissolution addressed all marital assets. Husband also argues that the trial court erred in determining that his fraud claim was barred by the statute of limitations. We affirm.

### Background

On November 9, 2009, the dissolution court dissolved the marriage of Husband and Wife. The dissolution judgment incorporated a settlement agreement (Settlement) between

the parties addressing, among other things, the division of marital property. The Settlement contained a provision for bank accounts, which stated the following:

> Each party shall be deemed the owner of his or her own bank accounts. [Wife] is awarded all accounts at People's Bank and Trust, no matter how the accounts are titled.

On October 18, 2011, Husband filed a motion to modify the dissolution judgment as it related to child custody and support, as well as a motion for contempt. Husband filed his third amended petition on November 10, 2014. This petition contained four counts: Count I, a motion to modify; Count II, a motion for contempt; Count III, a motion to divide undivided assets; and Count IV, a motion for fraud. The trial court severed Counts I and II from Counts III and IV.

Counts III and IV concerned Husband's claim that Wife had failed to disclose certain bank accounts during the dissolution proceeding. In Count III, Husband alleged that ten bank accounts held at People's Bank and Trust Co. (the disputed accounts), with values totaling approximately $229,276.27, should have been included as marital assets and divided by the dissolution court.[1] In Count IV, Husband alleged Wife deliberately failed to disclose these accounts, constituting fraud.

---

[1] Specifically, the petition listed the following information regarding these ten accounts:

| Type of Account | Account Number | Approximate Date Opened | Approximate Vale | Name on Account |
|---|---|---|---|---|
| Certificate of Deposit (CD) | 514706 | February 18, 2008 | $66,970.73 | C. Robert Hall or Wife |
| CD | 513696 | May 23, 2006 | $104,290.96 | C. Robert Hall or Wife |
| CD | 513292 | October 26, 2005 | $5,000.00 | C. Robert Hall or Wife |
| CD | 513505 | December 21, 2005 | $5,000.00 | C. Robert Hall or Wife |
| CD | 513599 | February 17, 2006 | $5,000.00 | C. Robert Hall or Wife |
| CD | 514867 | April 29, 2008 | $6,168.82 | C. Robert Hall or Wife |

2

Wife moved for summary judgment on Counts III and IV.[2] The trial court granted Wife's motion, finding that prior to the dissolution judgment, Husband's counsel had subpoenaed and had received from People's Bank and Trust Co. the records for each of the ten disputed accounts listed in his petition. The trial court also found that these accounts were divided in the parties' Settlement and subsequent dissolution judgment by the provision stating that all accounts at People's Bank and Trust were awarded to Wife. The trial court pointed out that the Settlement included language acknowledging that the parties had performed limited discovery regarding their respective assets and that they assumed the risks in doing so. Finally, the trial court found that Husband's claim for fraud was barred by the applicable five-year statute of limitations, running from April of 2009, when People's Bank and Trust Co. produced bank records for the disputed accounts. This appeal follows.

## Standard of Review

In reviewing the trial court's summary judgment, we view the record in the light most favorable to the non-moving party, according him or her the benefit of all reasonable inferences from the record. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.,

| CD | 514032 | February 13, 2007 | $5,000.00 | C. Robert Hall or Demetri Bouldin |
| CD | 513886 | December 5, 2006 | $5,045.00 | C. Robert Hall or Jordan Hall |
| CD | 514057 | February 26, 2007 | $5,065.76 | C. Robert Hall or Preston Hall |
| Unspecified | 9032053 | November 6, 2003 | $21,735.00 | Demitri McCoy Bouldin, Emily Ricks Bouldin, or Wife |

[2] Wife also requested summary judgment on a portion of Husband's motion for contempt, but the trial court removed that issue from consideration and it is not a subject of this appeal.

3

854 S.W.2d 371, 376 (Mo. banc 1993). We take facts set forth by affidavit or otherwise in support of the motion as true unless contradicted by the non-moving party's response. Id.

Our review of summary judgment is essentially *de novo*. Id. We employ the same criteria for testing the propriety of summary judgment as the trial court. Id. Summary judgment is appropriate where the movant demonstrates a right to judgment as a matter of law based on material facts about which there is no genuine dispute. Id. at 380-81.

## Discussion

Husband raises two points on appeal. First, he argues that the trial court erred in granting summary judgment on his motion to divide undivided assets because a genuine issue of material fact existed regarding whether two of the disputed accounts were divided in the dissolution judgment. Second, Husband argues that the trial court erred in determining his fraud claim was barred by the statute of limitations because he did not learn of the existence of the disputed accounts until June of 2014. Because the question raised in Point II affects our analysis of Point I, we discuss Point II first.

## Point II

Husband argues in Point II that the trial court erred in determining that his fraud claim was barred by the five-year statute of limitations. We disagree.

Section 516.120[3] states that the following must be initiated "[w]ithin five years: . . . (5) An action for relief on the ground of fraud." Further, a fraud claim is "deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Section 516.120.5.

---

[3] All statutory references are to RSMo. (2000), unless otherwise indicated.

4

Courts interpreting this statute have required plaintiffs "to act with due diligence to discover 'the facts constituting the fraud.'" Schwartz v. Lawson, 797 S.W.2d 828, 836 (Mo. App. W.D. 1990). Thus, "[w]here the means for discovery exist, a plaintiff is deemed to know of the fraud, so that the period of limitations commences to run then." Sharpe v. Sharpe, 243 S.W.3d 414, 417 (Mo. App. E.D. 2007) (quoting Schwartz, 797 S.W.2d at 832).

Here, not only did Husband have the means to discover the existence of the disputed accounts, he actually had records of the disputed accounts. Husband's counsel served a subpoena on People's Bank and Trust Co. on April 10, 2009, requesting "records and statements of any and all accounts for which [Wife] has in her name or jointly with others." In response, on April 13, 2009, People's Bank and Trust Co. produced statements for each of the accounts listed in Husband's petition.

Husband argues, however, that whether he actually knew of these accounts at that time is still a question of fact. He argues he was entitled to rely on representations of Wife during the dissolution proceeding that she had no other accounts besides those listed on her property statement, which did not include the disputed accounts. He concludes this issue precludes summary judgment, as in Kamey v. Wohl, wherein this Court found that whether one party relied on misrepresentations of another party was a disputed fact. 785 S.W.2d 630, 634 (Mo. App. E.D. 1990).

However, in Kamey, this Court found that an issue of fact existed as to whether the wife there had actually relied upon the husband's allegedly fraudulent statements, and then left for the trial court to determine whether the fact that she was represented by an attorney negated any right she had to rely on such statements. Id. In contrast here, it is clear

5

Husband did not rely on Wife's statements, because Husband's attorney subpoenaed records from the bank to verify Wife's statements. Husband cannot now argue that he actually did rely on her statements and was harmed thereby.[4]

Husband claims nevertheless that his attorney never showed him the bank records, and he was therefore unaware of the existence of the disputed accounts until June of 2014. "[W]here a client employs a lawyer to represent the client in a particular matter, knowledge of the lawyer about the matter, acquired in the course of the lawyer's employment, is generally imputed to the client." Kline v. Bd. Of Parks & Recreation Comm'rs., 73 S.W.3d 63, 67 (Mo. App. W.D. 2002). Husband employed counsel to represent him in the dissolution proceeding, and he makes no claim that his counsel was not acting in the course of this representation in subpoenaing these records. Thus, knowledge of the disputed accounts by Husband's counsel is imputed to Husband.

Even so, Husband argues that there is no evidence in the record his counsel actually received these documents when People's Bank and Trust Co. produced them, but we find this unpersuasive. The affidavit from People's Bank and Trust Co. producing the documents is in the record, along with Husband's admission in response to Wife's statement of uncontroverted material facts that People's Bank and Trust Co. produced the bank records. Thus, we presume that Husband's counsel received them, and Husband has pointed to nothing indicating otherwise. Requiring Wife to prove that Husband's counsel actually received and reviewed records that were clearly produced in response to his counsel's subpoena is unduly burdensome and illogical.

---

[4] We note that Wife disputes that she ever made any fraudulent statements because she testified during her deposition that all of her accounts were at People's Bank and Trust Co. Under the circumstances here, we need not determine whether any of Wife's statements were actually false.

6

Thus, Husband knew or had reason to know of the existence of the disputed accounts in April of 2009. This suit, filed in October of 2014, is untimely. The trial court did not err in granting summary judgment on this basis. Point denied.

## Point I

In his remaining point on appeal, Husband argues that the trial court erred in granting summary judgment because whether two of the disputed accounts were marital property and whether they were divided by the court in the dissolution judgment are disputed facts. Specifically, he argues that because the dissolution court failed to join third parties who had ownership interests in these two accounts, the dissolution court could not have determined whether they were marital property and thus could not have divided them. Husband's point is without merit.

Though the trial court granted summary judgment based on its finding that the dissolution judgment did in fact divide these accounts, we may affirm the trial court's judgment on any ground raised in the motion and supported by the summary judgment record. Clark v. Kinsey, 405 S.W.3d 551, 553 (Mo. App. E.D. 2013). Thus, we first consider the effect of the statute of limitations on this claim as well.

A final judgment dividing marital property may not be modified. Ferry v. Ferry, 470 S.W.3d 795, 799 (Mo. App. E.D. 2015) (quoting Chrun v. Chrun, 751 S.W.2d 752, 755 (Mo. banc 1988)). "Instead, the aggrieved party may bring a separate equitable cause of action to divide marital property omitted from a division in an earlier dissolution of marriage decree due to fraud, accident or mistake." Ferry, 470 S.W.3d at 799 (quoting Doss v. Doss, 822 S.W.2d 427, 428 (Mo. banc 1992)). Husband's request to divide undivided assets is a request for equitable relief here.

7

Wife argues that because Husband's claim of undivided assets is based on his allegations of Wife's fraud, the same statute of limitations applies. The longstanding rule in Missouri is that "the statute of limitations . . . applies to all civil actions--to those which were formerly denominated suits in equity as well as to actions at law." Kelly v. Hurt, 61 Mo. 463, 466 (Mo. 1875). Where a request for equitable relief is filed after the statutory period has expired, the statute of limitations will bar the claim. McElroy v. McElroy, 826 S.W.2d 105, 107 (Mo. App. S.D. 1992) (quoting L. McClintock, McClintock on Equity, § 28, pp. 74-75 (2d ed. 1948), noting delay past statutory period would bar equitable relief "unless plaintiff could affirmatively show that it was reasonable"). This is true also of a request to divide undivided assets. See Doss, 822 S.W.2d at 428 (applying statute of limitations to suit in equity to divide undivided marital property).

Here, Husband's equitable claim is based on his claim of fraud, for which the statutory period has expired. Moreover, a number of additional circumstances show us there was no reasonable justification for granting equitable relief here past the statutory period. First, as we have stated, Husband had access through his attorney to the very records he now complains Wife concealed.[5] Additionally, the parties agreed to the Settlement, in which they specifically acknowledged their limited discovery and assumed the risks in doing so. Thus, Husband's motion to divide undivided assets is untimely. See Doss, 822 S.W.2d at 429; McElroy, 826 S.W.2d at 106-07; see also Sharpe, 243 S.W.3d at 417 (applying five-year statute of limitations to suit to divide undivided marital property due to fraud where wife learned of undisclosed property from third parties at time of

---

[5] Moreover, Husband did not file his own statement of property or financial statement with the dissolution court at any time during the proceedings, whereas Wife did file a property statement. The parties' Settlement negated Husband's obligation to file such a statement, but it is disingenuous for Husband to complain of a failure to disclose assets when he apparently disclosed none.

dissolution but made no effort to investigate). Summary judgment was proper on this claim. Point denied.[6]

## Conclusion

Husband's claim of fraud, brought in October of 2014, was barred by the applicable five-year statute of limitations because he had means to discover the disputed accounts, and in fact his counsel subpoenaed bank records for the disputed accounts, in April of 2009. Husband's corresponding claim in equity to divide undivided assets due to fraud is similarly barred by the statute of limitations. Thus, we affirm the trial court's summary judgment.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J., concurs.
Kurt S. Odenwald, J., concurs.

---

[6] By determining that this claim is time-barred, we do not address the trial court's finding that the property actually was divided by the Settlement. However, even if the claim were not barred, we would note the Settlement's award of all accounts at People's Bank and Trust Co. to Wife, no matter how titled.